[No. 38679-8-II.    Division Two.    February 4, 2010.]

THE STATE OF WASHINGTON, *Respondent*, v. JOSEPH H. STEEN, *Appellant*.

*Susan F. Wilk* (of *Washington Appellate Project*), for appellant.

*H. Steward Menefee, Prosecuting Attorney,* and *Gerald R. Fuller, Deputy,* for respondent.

¶1 HOUGHTON, J. — Joseph Steen appeals his conviction and sentence for indecent exposure with sexual motivation, claiming trial court instructional and sentencing error. We affirm the conviction but vacate the sentence and remand for resentencing.

## FACTS

¶2 On June 28, 2008, Katrina Berge and Teresa Jones, a receptionist and a guest at an Aberdeen hotel, observed Steen across the river in a local park with his pants pulled down to mid-thigh, fully exposing himself. He appeared to be masturbating and rubbing himself all over his body. Berge reported the incident to the police and Aberdeen Police Department Officer John Snodgrass responded to the scene. Before making contact with Steen, Snodgrass saw Steen rubbing himself through his shorts and believed Steen to be masturbating. Police arrested Steen later that evening.

¶3 The State charged Steen with two counts of indecent exposure with sexual motivation, in violation of RCW

9A.88.010.[1] The State further alleged that he had been convicted of a prior sex offense. Before trial, he stipulated that he had two prior sex offenses, thus elevating his crime to a class C felony. RCW 9A.88.010(2)(c).

¶4 At trial, Steen testified that he was at the park that day fishing. He further testified that Snodgrass approached him about a report of lewd behavior. He denied exposing himself and denied masturbating. Rather, he testified that there were mosquitoes out that day and that he was rubbing himself and lifting up his shirt to get the mosquitoes off him. Berge, Jones, and Snodgrass each testified that they saw Steen masturbating.

¶5 The trial court instructed the jury that "obscene exposure" was the "exposure of the sexual or intimate parts of one's body for a sexual purpose." Clerks Papers (CP) at 65. A jury found him guilty of indecent exposure with a special verdict that he committed the crime for the purpose of sexual gratification.

¶6 At sentencing, the trial court found that Steen's current conviction was a sex offense because the jury found sexual motivation and because he had prior sex offense convictions. The trial court sentenced him to 60 months' incarceration and to community custody for the period of earned early release and he appeals.

## ANALYSIS

### JURY INSTRUCTION 7

¶7 Steen first contends that jury instruction 7 contained a judicial comment on the evidence requiring reversal and a new trial. We disagree.

¶8 To convict Steen of indecent exposure, the State had to prove that he made an open and obscene exposure of his person. The trial court gave jury instruction 7, which states,

---

[1] The trial court dismissed the first count before trial.

"Defendant's person" means the sexual or other intimate parts of the human body.

"Obscene exposure" means the exposure of the sexual or intimate parts of one's body for a sexual purpose.

CP at 65.

¶9 We review jury instructions de novo as questions of law. *State v. Pirtle*, 127 Wn.2d 628, 656, 904 P.2d 245 (1995). Article IV, section 16 of the Washington Constitution prohibits a judge from conveying his or her personal perception of the merits of the case or giving an instruction that implies matters of fact have been established as a matter of law. *State v. Levy*, 156 Wn.2d 709, 721, 132 P.3d 1076 (2006). Any remark that has the possible effect of suggesting that the jury need not consider an element of an offense may be a judicial comment. *Levy*, 156 Wn.2d at 721.

¶10 Here, the trial court's instruction was based on RCW 9A.44.010(2) and RCW 9.94A.030(43) (formerly (47)). The instruction comprised a neutral and accurate statement of the law; it neither contained facts nor conveyed the trial court's belief or disbelief in any testimony. *State v. Lampley*, 136 Wn. App. 836, 843, 151 P.3d 1001 (2006). The trial court properly instructed the jury. Steen's argument fails and we affirm his conviction.

SENTENCING

¶11 Steen further contends that, for sentencing purposes, the trial court erred in categorizing his felony indecent exposure offense as a seriousness level of IV. He further contends that because the trial court should have classified his offense as an unranked felony, the proper sentencing range is 0-12 months. We agree.

██ ██ ¶12 A trial court exceeds its authority when it imposes a sentence beyond what the legislature expressly confers. *See In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 866, 50 P.3d 618 (2002). A party may challenge illegal or erroneous sentences for the first time on appeal. *State v. Bahl*, 164 Wn.2d 739, 744, 193 P.3d 678 (2008).

¶13 Indecent exposure is generally a misdemeanor. RCW 9A.88.010(2)(a). The crime is elevated to a gross misdemeanor if the victim is under 14 years of age.[2] RCW 9A.88.010(2)(b). The crime is further elevated to a class C felony if a court has previously convicted the defendant under RCW 9A.88.010 or convicted the defendant of a sex offense as defined in RCW 9.94A.030. RCW 9A.88.010(2)(c).[3] Steen does not dispute the class C felony determination based on his prior criminal history.[4]

■ ¶14 In RCW 9.94A.515, the table indicates the seriousness level for specific crimes and states that "Indecent Exposure to Person Under Age Fourteen (subsequent sex offense)" is a level IV offense. No other indecent exposure crimes are included. The corresponding sentence ranges based on the seriousness levels are outlined in RCW 9.94A.510. Under former RCW 9.94A.505(2)(b) (2006), "[i]f a standard sentence range has not been established for the offender's crime, the court shall impose a determinate sentence which may include not more than one year of confinement."

■ ¶15 We review statutory construction questions de novo. *State v. Wentz*, 149 Wn.2d 342, 346, 68 P.3d 282 (2003). We look to the statute's plain language in order to give effect to legislative intent. *Wentz*, 149 Wn.2d at 346. We will not engage in judicial interpretation of an unambiguous statute. *State v. Thorne*, 129 Wn.2d 736, 762-63, 921 P.2d 514 (1996). A statute is ambiguous when the language is susceptible to more than one interpretation.

---

[2] No one disputes that any victim was more than 14 years old.

[3] RCW 9A.88.010(2) states:

(a) Except as provided in (b) and (c) of this subsection, indecent exposure is a misdemeanor.

(b) Indecent exposure is a gross misdemeanor on the first offense if the person exposes himself or herself to a person under the age of fourteen years.

(c) Indecent exposure is a class C felony if the person has previously been convicted under this section or of a sex offense as defined in RCW 9.94A.030.

[4] Steen has an extensive criminal history, including indecent exposure to someone more than 14 years of age. His criminal history, however, does not include indecent exposure to someone less than 14 years of age.

*State v. Jacobs*, 154 Wn.2d 596, 600-01, 115 P.3d 281 (2005). In addition, the rule of lenity requires us to strictly construe an ambiguous criminal statute favorably to the accused. *State v. Lively*, 130 Wn.2d 1, 14, 921 P.2d 1035 (1996).

¶16 The State asks us to apply "Indecent Exposure to Person Under Age Fourteen (subsequent sex offense)" under RCW 9.94A.515, when the present crime is a class C felony and the victim is under 14 years of age or when the present crime is a class C felony because the defendant has a prior sex offense, regardless of the victim's age. But this interpretation would require us to read "Indecent Exposure to Person Under Age Fourteen" and "(subsequent sex offense)" independently.

¶17 The statute is unambiguous and its plain language clearly provides that when someone with a prior sex offense commits indecent exposure to a person under age 14, a seriousness level of IV applies. Because Steen's criminal conduct did not include exposure to a person under 14 years of age, the trial court erred and should have sentenced him based on the 0-12 month range for unranked crimes under former RCW 9.94A.505(2)(b).[5] Thus, we vacate the sentence and remand for resentencing.[6]

¶18 We affirm the conviction, vacate the sentence, and remand for resentencing.

VAN DEREN, C.J., and PENOYAR, J., concur.

---

[5] The rule of lenity could also support our decision, if the statute were ambiguous.

[6] Because we remand for resentencing on this basis, we do not reach Steen's argument that the trial court imposed an indeterminate sentence. We do note, however, Steen misplaces his reliance on *State v. Linerud*, 147 Wn. App. 944, 197 P.3d 1224 (2008), to advance his argument because our Supreme Court granted review and remanded *Linerud* in light of *In re Personal Restraint of Brooks*, 166 Wn.2d 664, 668, 211 P.3d 1023 (2009).