197 P.3d 1224 (2008)
STATE of Washington, Respondent,
v.
Randy N. LINERUD, aka Frank Cain, Appellant.
No. 60769-3-I.
Court of Appeals of Washington, Division 1.
December 29, 2008.
*1225 Gregory Charles Link, Washington Appellate Project, Attorney at Law, Seattle, WA, for Appellant.
Heidi Joanne Jacobsen-Watts, King County Prosecuting Attorney's Office, Seattle, WA, for Respondent.
AGID, J.
¶ 1 Randy Linerud appeals his sentence for a conviction of failure to register as a sex offender. Because the standard range sentence exceeded the statutory maximum, the court included a notation in the judgment and sentence that the total time served could not exceed the statutory maximum. Linerud contends that the sentence is indeterminate because the sentence exceeds the statutory maximum and he may earn early release credits. He also argues that the court violated the separation of powers doctrine by delegating its sentencing power to the Department of Corrections (DOC). The potential for earned early release does not render a sentence indeterminate. But we hold that when a court does not make an initial determination of the sentence length, and requires the DOC to calculate the inmate's time served and ensure it does not exceed the statutory maximum, the sentence is indeterminate in violation of the Sentencing Reform Act. Accordingly, we reverse.

FACTS
¶ 2 Randy Linerud pled guilty to the charge of failure to register as a sex offender. At sentencing, both parties agreed that the standard range sentence of 43-57 months combined with the mandatory 36-48 months of community custody would exceed the 60 month statutory maximum for a class C felony. The court then imposed a standard range sentence of 43 months of incarceration and 36-48 months of community custody and included a notation in the Judgment and Sentence that "combined maximum of prison time + community custody may not exceed the stat[utory] max[imum] of 60 months." Linerud appeals this sentence.

DISCUSSION
¶ 3 Linerud claims his sentence is (1) indeterminate because he may earn early release and the total time served may exceed the statutory maximum and (2) invalid because it permits the DOC to determine whether he qualifies for earned early release and thus violates the separation of powers doctrine. The State contends that the appeal should be dismissed because (1) the clarifying language included in the judgment and sentence validated the sentence imposed; (2) the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, explicitly states that earned early release does not render a sentence indeterminate; and (3) the DOC has authority expressly granted by the Legislature to determine when an offender earns early release time.

Indeterminate Sentence
¶ 4 Under the SRA, a court may not impose a sentence in which the total time of *1226 confinement and supervision served exceeds the statutory maximum.[1] When the applicable standard range exceeds the statutory maximum, the sentence must comply with the maximum and may not exceed that maximum.[2] In addition, the SRA requires courts to impose a determinate sentence, which is "a sentence that states with exactitude the number of actual years, months, or days of total confinement, of partial confinement, [or] of community supervision."[3]
¶ 5 Linerud argues that a sentence is indeterminate when it exceeds the statutory maximum, even when it includes a notation that the amount of time served may not exceed the statutory maximum. The State contends that the court's clarifying language makes such a sentence determinate. Considering both the legal and policy arguments, we hold that a sentence is indeterminate when it puts the burden on the DOC rather than the sentencing court to ensure that the inmate does not serve more than the statutory maximum.
¶ 6 We begin by considering a line of cases addressing the situation where a standard range sentence exceeds the statutory maximum. In State v. Vanoli,[4] we affirmed a standard range sentence that exceeded the statutory maximum, holding that the sentence did not violate the statutory maximum because the DOC will release the inmate (1) when he earns early release credits or (2) after serving his statutory maximum.[5] In State v. Sloan,[6] we approved this approach but said that to avoid uncertainty, the judgment and sentence needed to include a clarifying note that the time served may not exceed the maximum.[7] In State v. Hudnall,[8] we approved an alternative approach and held that a court may choose to impose an exceptional sentence downward in order to stay within the statutory maximum.[9]
¶ 7 Most recently, in State v. Davis, we said that both the Sloan and Hudnall approaches are adequate solutions to the problem created by standard range sentences that exceed the statutory maximum.[10] But in Davis we were only asked to determine whether the Hudnall exceptional sentence solution was a valid approach for a court to use in complying with the limits of the statutory maximum. The issue of whether the Sloan approach made the sentence indeterminate was not before us in Davis.
¶ 8 Here, the trial court followed the Sloan approachit sentenced Linerud to a standard range sentence and term of community custody, which exceeded the statutory maximum. The court also included a notation to the DOC that the total time served could not exceed the statutory maximum. We recognize that the trial court used an approach we have approved. Unfortunately, Linerud's argument that such a sentence is indeterminate was not raised in or addressed by the Vanoli and Sloan decisions, but we find it compelling and agree.
¶ 9 First, requiring the DOC to calculate an inmate's total time served and ensure that it does not exceed the statutory maximum for the offense is not authorized by the SRA. The SRA allows the DOC to determine when an inmate earns early release time[11] and when, within the community custody range imposed by the court, to release an inmate from community custody.[12] But the SRA *1227 does not authorize the DOC to determine how long the sentence imposed Will be.[13] Rather, the SRA mandates that courts impose a determinate sentence-a sentence that states, with exactitude, the total time of confinement and community supervision.[14] Because a court may not impose a sentence that exceeds the statutory maximum and must impose a determinate sentence, it may not sentence a defendant to a term that, on its face, exceeds the statutory maximum and leave to the DOC responsibility for assuring that the sentence is lawful.
¶ 10 We agree with the reasoning of the court in State v. Zavala-Reynoso which held a judgment and sentence that violates RCW 9.94A.505(5) is invalid on its face.[15]
[T]he State argues because Mr. Zavala-Reynoso will likely receive good time credit, reducing his sentence, he may still not be incarcerated for the full standard range sentence. Therefore, the State reasons this issue is not ripe. We disagree. Viewed from the outset, the sentence exceeds the maximum term.[[16]]
Whatever authority the DOC may have to grant or deny good time credits or release an inmate from community custody, the courts have a duty under RCW 9.94A.505(5) and RCW 9.94A.030(18) to impose a determinate sentence within the standard range.
¶ 11 Second, there are practical problems with the Sloan approach to sentencing. A notation written between the lines or in the margins is likely to be overlooked or get lost through repeated photocopying. There is also the danger that the DOC may ignore an offender's rights. In In re Personal Restraint of Dutcher,[17] the DOC was statutorily required to evaluate the inmate's plan for community custody but ignored this obligation and instead referred the offender for a civil commitment hearing.[18] Since Dutcher, we have seen several situations in which the DOC has ignored a mandate.[19] In response to this history, "[w]e believe it is better for both the offender and the Department [of Corrections] to have the trial court impose a sentence that is clear to all from the outset."[20]
¶ 12 In light of the determinate sentencing requirement and the risks of requiring the DOC to ensure the inmate does not serve in excess of his or her maximum sentence, we hold that courts must limit the total sentence they impose to the statutory maximum. It is within the trial court's discretion to determine how much of that sentence is confinement and how much is community custody.

Separation of Powers
¶ 13 Linerud also contends that the trial court violated the separation of powers doctrine by allowing the DOC to determine the sentence length. Because we hold that the sentence was indeterminate and thus violated *1228 the SRA, we need not reach Linerud's separation of powers argument.
¶ 14 We reverse.
WE CONCUR: LAU and GROSSE, JJ.
NOTES
[1] RCW 9.94A.505(5) provides in part: "[A] court may not impose a sentence providing for a term of confinement or community supervision, community placement, or community custody which exceeds the statutory maximum for the crime." (Emphasis added.)
[2] RCW 9.94A.505(5).
[3] RCW 9.94A.030(18).
[4] 86 Wash.App. 643, 937 P.2d 1166, review denied, 133 Wash.2d 1022, 950 P.2d 478 (1997).
[5] Id. at 655, 937 P.2d 1166.
[6] 121 Wash.App. 220, 87 P.3d 1214 (2004).
[7] Id. at 223-24, 87 P.3d 1214.
[8] 116 Wash.App. 190, 64 P.3d 687 (2003).
[9] Id. at 196, 64 P.3d 687.
[10] State v. Davis, 146 Wash.App. 714, 192 P.3d 29 (2008).
[11] RCW 9.94A.728(1).
[12] RCW 9.94A.715(4); State v. Pharris, 120 Wash.App. 661, 665, 86 P.3d 815 (2004).
[13] The SRA explicitly states that the potential for earned early release does not make a sentence indeterminate: "The fact that an offender through earned release can reduce the actual period of confinement shall not affect the classification of the sentence as a determinate sentence." RCW 9.94A.030(18). Earned early release occurs after-the-fact, while a sentence that exceeds the maximum and includes a notation that the inmate may not actually serve time in excess of the maximum is indeterminate from the outset.
[14] RCW 9.94A.030(18) provides:

"Determinate sentence" means a sentence that states with exactitude the number of actual years, months, or days of total confinement, of partial confinement, of community supervision, the number of actual hours or days of community restitution work, or dollars or terms of a legal financial obligation. The fact than an offender through earned release can reduce the actual period of confinement shall not affect the classification of the sentence as a determinate sentence.
[15] 127 Wash.App. 119, 124, 110 P.3d 827 (2005). "The term `valid on its face' has been interpreted to mean `without further elaboration.'" Id. (internal quotation marks omitted) (quoting In re Pers. Restraint of Stoudmire, 141 Wash.2d 342, 353, 5 P.3d 1240 (2000)).
[16] Id.
[17] 114 Wash.App. 755, 60 P.3d 635 (2002).
[18] Id. at 757, 60 P.3d 635.
[19] See, e.g., In re Pers. Restraint of Mattson, 142 Wash.App. 130, 172 P.3d 719(2007); In re Pers. Restraint of Liptrap, 127 Wash.App. 463, 111 P.3d 1227 (2005).
[20] State v. Davis, 146 Wash.App. 714, 724, 192 P.3d 29 (2008).