[No. 80704-3.   En Banc.]
Argued May 28, 2009.     Decided July 23, 2009.

*In the Matter of the Personal Restraint
of* JEFFREY BROOKS, *Petitioner.*

*David L. Donnan* and *Gregory C. Link* (of *Washington Appellate Project*), for petitioner.

*David A. McEachran, Prosecuting Attorney*, and *Hilary A. Thomas, Deputy*, for respondent.

*James M. Whisman* on behalf of Washington Association of Prosecuting Attorneys, amicus curiae.

¶1 CHAMBERS, J. — In 2006, Jeffrey Brooks was convicted of three counts of first degree attempted robbery and was sentenced to 120 months of total confinement and 18-36 months of community custody. The statutory maximum sentence for attempted robbery, a class B felony, is 120 months. RCW 9A.20.021(1)(b). In 2007, Brooks filed a personal restraint petition (PRP) in the Court of Appeals arguing that the combination of confinement and community custody exceeded the statutory maximum and that his sentence was therefore invalid. The Court of Appeals denied the petition, and Brooks sought discretionary review in this court. The commissioner denied review on the condition that the State obtain an amended judgment and sentence clarifying that Brooks's period of total confinement and community custody together could not exceed the 120 month statutory maximum. The State obtained the clarification from the sentencing court, and we are now asked to determine whether the amended judgment and sentence is facially invalid. We hold that the amended sentence is not invalid and deny further relief.

## FACTS AND PROCEDURAL HISTORY

¶2 On October 4, 2006, a jury found Brooks guilty of three counts of first degree attempted robbery and one count of residential burglary. At the time, Brooks's offender score made his standard range sentence 97-128 months of actual confinement and 18-36 months of community custody. Attempted first degree robbery is a class B felony carrying a statutory maximum term of 10 years (120 months) and a $20,000 fine. RCW 9A.20.020(1)(b). The trial court sentenced Brooks to 120 months of actual confine-

ment and a term of community custody of either 18-36 months or the period of earned early release awarded, whichever was longer. *See* RCW 9.94A.715(1).

¶3 In June 2007, Brooks filed a motion for relief from judgment in Whatcom County Superior Court, which was transferred to the Court of Appeals to be treated as a PRP. Brooks argued that the combination of total confinement and community custody ordered by the court exceeded the statutory maximum sentence allowed for a class B felony. The acting chief judge of Division One of the Court of Appeals denied the petition upon the mistaken understanding that Brooks had been convicted of robbery in the first degree, a class A felony carrying a statutory maximum penalty of life.

¶4 Brooks then sought discretionary review in this court. Recognizing the Court of Appeals had misunderstood the classification of Brooks's crime, the commissioner nevertheless denied review on the condition that the State obtain an amended judgment and sentence clarifying that Brooks's period of total confinement and community custody together could not exceed the 120 month statutory maximum for a class B felony. The trial court entered an order amending the judgment and sentence consistent with the commissioner's decision.[1] Brooks then filed a motion to modify the commissioner's ruling, arguing that there was a split in the Courts of Appeal on this issue and that review was warranted. We agreed and accepted review.

## ANALYSIS

¶5 We are asked to determine if Brooks was given a lawful sentence under the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW. We review questions of law de novo. *State v. Miller*, 156 Wn.2d 23, 27, 123 P.3d 827 (2005).

---

[1] The order amending the judgment and sentence added the following language: "The total of the term of incarceration and the term of community custody for each counts I, II, and III shall not exceed the statutory maximum of 120 months." Order Amending J. and Sentence at 1.

¶6 The SRA directs that "a court may not impose a sentence providing for a term of confinement or community supervision, community placement, or community custody which exceeds the statutory maximum for the crime as provided in chapter 9A.20 RCW." RCW 9.94A.505(5). The statutory maximum for a class B felony is 10 years and a $20,000 fine. RCW 9A.20.021(1)(b). In addition to the term of confinement, when a court sentences a person for a violent offense,[2] it must also sentence the offender to a term of community custody. The community custody term must be either a term established under RCW 9.94A.850 or for the period of earned early release awarded under RCW 9.94A-.728(1) and (2), whichever is longer. RCW 9.94A.715(1).

¶7 Brooks argues that both the original and the amended judgment and sentence violate RCW 9.94A.505(5) by potentially imposing a term of confinement and community custody that exceeds the 10 year maximum allowed for a conviction for attempted robbery in the first degree. As Brooks correctly notes, were he to serve all 120 months of his term of confinement and the maximum of his 18-36 months of community custody, he would serve a sentence of 156 months, three years more than the statutory maximum. Though Brooks may earn early release credits allowing him to be released from confinement before 120 months has passed, he argues that a sentencing court may not take into account the possibility of early release when it imposes the terms of the sentence. Instead, he asserts that when a sentence imposes a term of confinement and community placement that has the potential to exceed the statutory maximum, the court must reduce the amount of either confinement or community custody.

¶8 In contrast, the State argues that the amount of community custody served by Brooks is "inextricably linked" to any early release time he earns pursuant to RCW

---

[2] Attempted robbery in the first degree is a violent offense under the SRA. RCW 9.94A.030(54)(a)(i).

9.94A.728. Suppl. Br. of Resp't at 8. In practice, offenders like Brooks may earn early release credits that reduce the amount of time spent in confinement. Under RCW 9.94A-.728(1)(c), persons committed to the custody of the Department of Corrections (DOC) may earn up to one-third of their sentence in early release credits. Here, Brooks had the potential to earn up to a maximum of 40 months of earned early release credits and serve the rest of his sentence in community custody[3] up to the statutory maximum sentence. If Brooks were to earn less than the maximum amount of earned early release credits, the DOC would determine how much time Brooks should serve within the range of community custody imposed by the sentencing court. Since the provisions of the SRA also apply to the DOC, the amount of community custody assigned by the DOC must comply with RCW 9.94A.505(5) and not exceed the statutory maximum.

¶9 The different divisions of the Court of Appeals have taken divergent paths in resolving this issue. In 2004, Division One examined a case in which the defendant had been sentenced to the statutory maximum 60 months of confinement for a class C felony and an additional 36 to 46 months of community custody. *State v. Sloan*, 121 Wn. App. 220, 222, 87 P.3d 1214 (2004). In finding the sentence valid, the court held that a sentence that imposes both the statutory maximum term of confinement and the statutory range of community custody does not exceed the statutory maximum because defendants may earn early release time reducing their terms of actual confinement. *Id*. at 223. The court reasoned that even if no early release credits are earned, defendants would simply "be released [by the DOC] with no further obligation" before exceeding the statutory maximum, even if they had not in fact served their court ordered term of community custody. *Id*. While the court found the sentence

---

[3] The 40 months of earned early release time would have exceeded the maximum community custody range imposed by the court. However, as noted above, RCW 9.94A.715(1) requires a court to impose a term of community custody of either the statutory range or the amount of earned early release, whichever is longer.

imposed to be lawful, it nevertheless recognized that sentences of this kind "may generate uncertainty in some circumstances." *Id.* The court therefore required that sentencing courts state explicitly on the judgment and sentence "that the total [term] of incarceration and community custody cannot exceed [the] maximum." *Id.* at 224. The court remanded Sloan's case back to the trial court for an amendment clarifying the sentence. *Id.*

¶10 The approach taken by the court in *Sloan* was followed by Division One until 2008 when it decided *State v. Linerud*, 147 Wn. App. 944, 948, 197 P.3d 1224 (2008). Linerud was sentenced to 43 months of confinement and 36 to 48 months of community custody, making his potential total sentence more than the 60 month statutory maximum. *Id.* at 947. However, as the *Sloan* court directed, the sentencing court included a notation that the combined prison time and community custody could not exceed the statutory maximum of 60 months. *Id.* While recognizing that the sentencing court had followed the *Sloan* model, the court nevertheless vacated Linerud's sentence and remanded the case for resentencing, holding that a sentence that requires the DOC to ensure that the defendant does not serve more than the statutory maximum is indeterminate and in violation of the SRA. *Id.* at 949-50. Specifically, the court found that the sentencing court must impose a determinate sentence within the standard range and may not leave it to the DOC to later decide how much community custody an offender will serve. *Id.* at 950. The court held that the sentence was invalid on its face and directed the sentencing court to resentence Linerud to a definite term that specified both the amount of confinement and the amount of community custody to be served under the statutory maximum. *Id.* at 951.

¶11 Division Three has likewise had an opportunity to address this issue. In 2005, the court determined that a sentence imposing a term of confinement and community custody that had the potential to exceed the statutory maximum was invalid on its face, vacated the sentence,

and remanded it back to the trial court for resentencing. *State v. Zavala-Reynoso*, 127 Wn. App. 119, 121, 110 P.3d 827 (2005). The *Zavala-Reynoso* court simply stated that the trial court had imposed a sentence in violation of the SRA. *Id*. at 124. Then in 2008, Division Three decided *State v. Torngren*, 147 Wn. App. 556, 196 P.3d 742 (2008), where the court was again faced with a sentence that had the potential to exceed the statutory maximum. The *Torngren* court found that such a sentence "*is valid* when the judgment and sentence 'set[s] forth the statutory maximum and clearly indicate[s] that the term of community [custody] does not extend the total sentence beyond that maximum.' " *Id*. at 566 (emphasis added) (alterations in original) (quoting *State v. Hibdon*, 140 Wn. App. 534, 538, 166 P.3d 826 (2007)). While the court did not address *Zavala-Reynoso*, it did rely in part on *Sloan* to conclude that a remand to the trial court for clarification was the proper remedy. *Torngren*, 147 Wn. App. at 566. Although the *Torngren* court found that an amended sentence was the appropriate remedy in that case, Division Three has also indicated that either an amended sentence or a vacation and remand for resentencing are equally appropriate remedies in these circumstances. *Hibdon*, 140 Wn. App. at 538 (holding that in addition to a remand for clarification another option in these circumstances is to remand for resentencing).

DOES THE SENTENCE EXCEED THE STATUTORY MAXIMUM?

¶12 Brooks argues that the sentence imposed exceeds the statutory maximum. Turning to the SRA itself, we note that while a sentencing court is required to impose a determinate sentence that does not exceed the statutory maximum, the community custody provisions of the SRA make it impossible to determine with any certainty how much community custody a defendant will actually be required to serve until well after the court imposes the sentence. RCW 9.94A.715(1) states, "[T]he court shall in

addition to the other terms of the sentence, sentence the offender to community custody for the community custody range established under RCW 9.94A.850 or up to the period of earned release awarded pursuant to RCW 9.94A.728(1) and (2), *whichever is longer.*" (Emphasis added.) (Reviser's note omitted.) But it cannot be determined which of these two time periods is longer until such time as the offender has or has not earned early release credits.[4] Under RCW 9.94A.715(4) the DOC determines when an offender will be discharged from community custody. When the term of community custody is imposed as a statutory range, the DOC will release the offender on a date it establishes that is within that range or at the end of the period of earned early release. *Id.* When the imposition of community custody would extend the sentence beyond the statutory maximum, the DOC is required by the SRA to release the offender on or before the date the offender will have served the statutory maximum. RCW 9.94A.505(5).

¶13 Here, Brooks's sentence can exceed the statutory maximum only if we add the community custody range to the term of confinement and presume both that Brooks will earn something less than 18 months of earned early release credits and that the DOC will ignore the mandates of the SRA. But the legislature gave discretion to the DOC to set the specific amount of community custody within the confines outlined by both the court and the SRA. Not only did

---

[4] In his answer to the brief of amicus curiae, Brooks points out that the legislature has again amended the SRA and has repealed RCW 9.94A.715, effective August 1, 2009. Substitute S.B. 5190, 61st Leg., Reg. Sess. (Wash. 2009); Laws of 2009, ch. 28, § 42(2); *see also* Pet'r's Answer to Br. of Amicus Curiae at 1. Having reviewed the upcoming amendments, it appears the legislature has addressed the very questions we are asked to answer in this case. Engrossed Substitute S.B. 5288, 61st Leg., Reg. Sess. (Wash. 2009) amends RCW 9.94A.701(8) to read:

The term of community custody specified by this section shall be reduced by the court whenever an offender's standard range term of confinement in combination with the term of community custody exceeds the statutory maximum for the crime as provided in RCW 9A.20.021.

Laws of 2009, ch. 375, § 5. Despite the upcoming changes, we address the issues raised here in order to resolve the conflict between the divisions of the Court of Appeals and to give guidance to trial courts as they await the amendment to take effect.

the sentencing court follow the requirements and procedures set out in the SRA, but the amended sentence specifically directs the DOC to ensure that whatever release date it sets, under no circumstances may the offender serve more than the statutory maximum. Where a sentence is insufficiently specific regarding community custody, an amended sentence is the appropriate remedy. *State v. Broadaway*, 133 Wn.2d 118, 136, 942 P.2d 363 (1997). Here the DOC need only look to the amended judgment and sentence itself to determine when an offender must be discharged from either total confinement or community custody. We hold that the amended sentence does not impose a sentence beyond the statutory maximum.

Is THE SENTENCE INDETERMINATE?

¶14 Next we address whether the sentence is invalid because it is indeterminate. A determinate sentence is defined in the SRA as "a sentence that states with exactitude the number of actual years, months, or days of total confinement, of partial confinement, [or of] community supervision." RCW 9.94A.030(21). "The fact that an offender through earned release can reduce the actual period of confinement shall not affect the classification of the sentence as a determinate sentence." *Id.* Brooks suggests that the sentence does not state with any certainty how many years, months, or days he will remain in both confinement and community custody. The Court of Appeals agreed with this argument in *Linerud* and held that a sentence that left to the DOC the ultimate responsibility of ensuring an offender does not serve a sentence greater than the statutory maximum was indeterminate and in violation of the SRA. *Linerud*, 147 Wn. App. at 950. The court specifically found that the type of sentence at issue here allowed the DOC to *impose* the sentence rather than the court. The court stated that it was "within the trial court's discretion to determine how much of [a] sentence is confinement and how much is community custody." *Id.* at 951. It was the

*Linerud* court's belief that a sentencing court was required to set an exact term of community custody within the range that when added to the term of confinement did not exceed the statutory maximum.[5]

¶15 The SRA specifically states that a sentence is not rendered indeterminate by the fact that a defendant may earn early release credits. RCW 9.94A.030(21). Under the current statutory scheme, the exact amount of time to be served can almost never be determined when the sentence is imposed by the court. The only thing that can be determined at the time of sentencing is the maximum amount of time an offender will serve in confinement and the maximum amount of time the offender may serve in totality. While the DOC was left the responsibility of ensuring Brooks did not serve more than 120 months of confinement and community custody, this responsibility stemmed from both the requirements of the SRA and the sentence that the court *imposed.* Here the court imposed a sentence that had both a defined range and a determinate maximum. It is the SRA itself that gave courts the power to impose sentences and the DOC the responsibility to set the amount of community custody to be served within that sentence. We hold that Brooks's sentence is not indeterminate.[6]

---

[5] The court later amended the opinion to state in a footnote that if "the trial court wants to impose the maximum terms of confinement and community custody, it may do so under the second option in RCW 9.94A.715(1), which permits it to impose a term of community custody equal to the earned early release time." Order Den. Mot. for Recons. and Amending Op. at 1, *State v. Linerud,* No. 60769-3-1, 2008 Wash. App. LEXIS 3047 (Wash. Ct. App. Mar. 20, 2009), *amendment to be published in Linerud,* 147 Wn. App. at 951 n.17. As amicus Washington Association of Prosecuting Attorneys points out, the court was under the mistaken belief that RCW 9.94A.715(1) allows a sentencing court to choose between two options when sentencing offenders to terms of community custody.

[6] Brooks also argues that his sentence violates the separation of powers doctrine. We elect not to reach this issue as it is not sufficiently supported by relevant authority. *See 1000 Friends of Wash. v. McFarland,* 159 Wn.2d 165, 187 n.12, 149 P.3d 616 (2006) (citing *In re Registration of Elec. Lightwave, Inc.,* 123 Wn.2d 530, 545, 869 P.2d 1045 (1994)).

## CONCLUSION

¶16 Brooks's amended judgment and sentence is valid. We hold that when a defendant is sentenced to a term of confinement and community custody that has the potential to exceed the statutory maximum for the crime, the appropriate remedy is to remand to the trial court to amend the sentence and explicitly state that the combination of confinement and community custody shall not exceed the statutory maximum. Because the amended judgment and sentence in this case ensures that Brooks will not serve a sentence in excess of the statutory maximum, Brooks's PRP is denied.

C. JOHNSON, MADSEN, SANDERS, OWENS, FAIRHURST, J.M. JOHNSON, and STEPHENS, JJ., and SEINFELD, J. PRO TEM., concur.