215 P.3d 264 (2009)
STATE of Washington, Respondent,
v.
John Allen BOOTH, Jr., Appellant.
No. 37790-0-II.
Court of Appeals of Washington, Division 2.
September 15, 2009.
Jodi R. Backlund, Manek R. Mistry, Backlund & Mistry, Olympia, WA, for Appellant.
Lori Ellen Smith, Lewis Co. Prosecuting Atty. Office, Chehalis, WA, for Respondent.

OPINION PUBLISHED IN PART
SWEENEY, J.
¶ 1 This is an appeal from a sentence for two assault convictions. The original sentence exceeded the maximum sentence of 120 months when the term of confinement and community custody were added together. The defendant objected. The sentencing court amended the sentence to read that "[t]he total time imposed for both incarceration and community custody shall not exceed 120 months." Clerk's Papers (CP) at 4. The Supreme Court in this state recently said that this approach by the sentencing court was okay. In re Pers. Restraint of Brooks, 166 Wash.2d 664, 211 P.3d 1023, 1027-28 (2009). We, therefore, affirm.

FACTS
¶ 2 John Booth Jr. pleaded guilty to one count of second degree assault and one count of second degree assault with a deadly weapon.
¶ 3 The court sentenced Mr. Booth to 96 months of total confinement  84 months for the assaults plus 12 months for a mandatory deadly weapon enhancement. It also ordered that Mr. Booth serve 18 to 36 months of community custody.
¶ 4 Mr. Booth argued that his total sentence of confinement and community custody improperly exceeded the statutory maximum sentence allowed for his offenses  120 months. He requested that his sentence be amended so that the total confinement imposed *265 did not exceed 84 months. The court responded by adding the following language to the judgment and sentence's community custody section: "The statutory maximum sentence is 120 months. The total time imposed for both incarceration and community custody shall not exceed 120 months." CP at 4. The court did not otherwise change the judgment and sentence. Mr. Booth appeals the sentence as amended.

DISCUSSION
¶ 5 Mr. Booth contends that the sentence, even as amended, violates RCW 9.94A.505(5).[1] He asserts that RCW 9.94A.505(5) prohibits a court from imposing a sentence beyond the statutory maximum, which for these convictions is 120 months. RCW 9A.20.020(1)(b). The court here sentenced Mr. Booth to a possible total sentence of 132 months by imposing 96 months of total confinement and 18 to 36 months of community custody. Mr. Booth contends that the trial court's sentence still exceeds its authority under RCW 9.94A.505(5) because the order amending his judgment and sentence does not change the term of his sentence, i.e., the court again imposed a sentence that potentially exceeds the statutory maximum.
¶ 6 The same argument was recently rejected in Brooks, 211 P.3d at 1026-27. There, the Supreme Court reviewed an order amending Mr. Brooks' judgment and sentence. Id. at 1024. The order, like the order appealed here, stated that Mr. Brooks' total term of confinement (120 months) and community custody (18-36 months) could not exceed 120 months. Id. at 1024 n. 1. And like Mr. Booth, Mr. Brooks argued that his "amended judgment and sentence violate[d] RCW 9.94A.505(5) by potentially imposing a term of confinement and community custody that exceeds the 10 year maximum allowed." Id. at 1025.
¶ 7 The Supreme Court concluded that Mr. Brooks' amended sentence did not exceed the statutory maximum. Id. at 1027. It noted that "while a sentencing court is required to impose a determinate sentence that does not exceed the statutory maximum, the community custody provisions of the SRA make it impossible to determine with any certainty how much community custody a defendant will actually be required to serve until well after the court imposes the sentence." Id. at 1026. So the court interpreted RCW 9.94A.505(5) to require the Department of Corrections to release an offender before serving more than the statutory maximum when a community custody term would extend the sentence beyond that maximum. Id. at 1027. And it held "that when a defendant is sentenced to a term of confinement and community custody that has the potential to exceed the statutory maximum for the crime, the appropriate remedy is to remand to the trial court to amend the sentence and explicitly state that the combination of confinement and community custody shall not exceed the statutory maximum." Id. at 1028.
¶ 8 Here, Mr. Booth's total sentence has the potential to exceed 120 months. But the language that the trial court added to his judgment and sentence ensures that Mr. Booth will not serve a sentence that exceeds that statutory maximum. Id. We, therefore, affirm Mr. Booth's amended sentence.
¶ 9 The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions.
WE CONCUR: BRIDGEWATER and HUNT, JJ.
NOTES
[1] Mr. Booth was sentenced under former RCW 9.94A.505(5) (2002). That provision, like the current version of RCW 9.94A.505(5) provides: "Except as provided under [restitution collection statutes], a court may not impose a sentence providing for a term of confinement or community supervision, community placement, or community custody which exceeds the statutory maximum for the crime as provided in chapter 9A.20 RCW." The only difference between these versions is that the former version uses "which" where the current version uses "that."