[No. 64367-3-I.  Division One.  January 10, 2011.]

THE STATE OF WASHINGTON, *Respondent*, v. ROY WINKLE, *Appellant*.

*Lila J. Silverstein* (of *Washington Appellate Project*), for appellant.

*Daniel T. Satterberg, Prosecuting Attorney*, and *Deborah A. Dwyer, Deputy*, for respondent.

¶1 SCHINDLER, J. — A jury convicted Roy Winkle of two counts of rape of a child in the third degree. The statutory maximum for rape of a child in the third degree is 60 months. Winkle contends that the trial court erred by imposing a term of 60 months and a term of community custody for earned early release limited to the statutory maximum. Winkle argues the sentence violates the recently adopted amendments to the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, that prohibit the court from imposing a term of confinement and a period of community custody that exceeds the statutory maximum. LAWS OF 2009, ch. 375. Because the SRA requires that a defendant convicted of a sex offense must be transferred to community custody in lieu of earned early release, and the sentence the court imposed cannot exceed the statutory maximum of 60 months, we affirm.

¶2 This is the third appeal in this case. The State charged Roy Winkle with rape of a child in the third degree of 15-year-old S.N., count I, rape of a child in the third degree of 14-year-old A.F, count II, and supplying liquor to a minor, count III. A jury convicted Winkle as charged. At the sentencing hearing on July 27, 2007, the court imposed a concurrent statutory maximum sentence of 60 months for the two counts of rape of a child in the third degree, and a statutory term of community custody of 36 to 48 months for a sex offense.[1]

¶3 In his first appeal, Winkle argued that the term of confinement of 60 months coupled with a term of community custody of 36 to 48 months exceeded the statutory maximum.[2] The State conceded that the total term of confinement plus the term of community custody exceeded the statutory maximum for the offense. We accepted the State's concession and remanded for resentencing.

¶4 On remand, the court entered an "Order Clarifying/ Amending Judgment and Sentence," stating that the "[t]otal amount of jail time and community custody supervision time combined and imposed shall not exceed statutory maximum of 60 months on counts 1 [and] 2." Winkle appealed.

¶5 Citing our decision in *State v. Linerud*, 147 Wn. App. 944, 197 P.3d 1224 (2008), we held that even though the order states that the total sentence could not exceed the statutory maximum, the sentence was an impermissible indeterminate sentence, and remanded for resentencing. However, we noted, " '[I]f the trial court wants to impose the maximum terms of confinement and community custody, it may do so under the second option in RCW 9.94A.715(1), which permits it to impose a term of community custody equal to the earned early release time.' " *State v. Winkle,*

---

[1] The court also imposed a concurrent six-month sentence on the gross misdemeanor conviction of supplying liquor to a minor.

[2] *State v. Winkle*, noted at 145 Wn. App. 1050, 2008 WL 2792023, 2008 Wash. App. LEXIS 1724.

noted at 150 Wn. App. 1047, 2009 WL 1664842, at *1, 2009 Wash. App LEXIS 1465, at *2-3.

¶6 At the resentencing hearing on September 25, 2009, the trial court imposed the statutory maximum of 60 months confinement for the two counts of rape of a child in the third degree. In addressing the term of community custody for a sex offense, the court crossed out "36 to 48 months" and instead imposed a term of community custody "for the entire period of earned early release awarded under RCW 9.94A.728." Winkle appeals.

¶7 Winkle contends the trial court erred by imposing a term of confinement and community custody that exceeds the statutory maximum. Relying on the amendment to the SRA that requires the court to reduce the term of community custody if the "term of confinement in combination with the term of community custody exceeds the statutory maximum," and the language in former RCW 9.94A.707(1)(b) (2008) that stated community custody could begin "at such time as the offender is transferred to community custody in lieu of earned release," Winkle asserts the court did not have the authority to impose a sentence for the statutory maximum and a term of community custody in lieu of earned early release. Laws of 2009, ch. 375, §§ 5, 7; former RCW 9.94A.701(8)(2008).[3]

¶8 The State concedes that the 2009 amendments to the SRA apply to the September 25, 2009 judgment and sentence. However, the State asserts the sentence does not violate the SRA because the term of community custody is limited to earned early release and, therefore, cannot exceed the statutory maximum. The State points out that under RCW 9.94A.729(5)(a), the legislature requires a sex offender to be transferred to community custody in lieu of earned release time.

¶9 We review questions of statutory interpretation de novo. *State v. J.P.*, 149 Wn.2d 444, 449, 69 P.3d 318

---

[3] Winkle was sentenced under former RCW 9.94A.701(8) (2008). The legislature renumbered this subsection to RCW 9.94A.701(9) in 2010. Laws of 2010, ch. 224, § 5.

(2003). Our fundamental objective is to ascertain and give effect to the legislature's intent. *J.P.*, 149 Wn.2d at 450. If the meaning of a statute is unambiguous, we must give effect to that plain meaning. *State v. Delgado*, 148 Wn.2d 723, 727, 63 P.3d 792 (2003). Such meaning is derived from all the legislature has said in the statute and related statutes that disclose legislative intent. *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002). Each provision of an act must be viewed in relation to each other and, if possible, harmonized to ensure proper construction of every provision. *Millay v. Cam*, 135 Wn.2d 193, 199, 955 P.2d 791 (1998). Statutes should not be interpreted so as to render any portion meaningless, superfluous, or questionable. *Addleman v. Bd. of Prison Terms & Paroles*, 107 Wn.2d 503, 509, 730 P.2d 1327 (1986).

¶10 A primary purpose of the SRA is to ensure that punishment for a crime is proportionate to the seriousness of the offense. RCW 9.94A.010. The SRA requires the court to impose a sentence as provided in the SRA. RCW 9.94A.505. As a general rule, a court cannot impose a term of community custody that exceeds the statutory maximum. RCW 9.94A.505(5).

¶11 The 2009 amendments to the SRA repealed RCW 9.94A.715 and changed the term of community custody the court shall impose for sex offenders from a range of 36 to 48 months, to a fixed term of 36 months. LAWS OF 2009, ch. 375, § 5; RCW 9.94A.701(1)(a). The 2009 amendments also require the court to reduce the term of community custody if when combined with the term of confinement, the sentence exceeds the statutory maximum. LAWS OF 2009, ch. 375, § 5; former RCW 9.94A.701(8).

¶12 Former RCW 9.94A.715(1) (2008) states, in pertinent part:

> When a court sentences a person to the custody of the department for a sex offense ... the court shall in addition to the other terms of the sentence, sentence the offender to community custody for the community custody range established under RCW 9.94A.850 or up to the period of earned release awarded

pursuant to RCW 9.94A.728 (1) and (2), whichever is longer. The community custody shall begin: (a) Upon completion of the term of confinement; [or] (b) at such time as the offender is transferred to community custody in lieu of earned release in accordance with RCW 9.94A.728 (1) and (2).

¶13 RCW 9.94A.701 now provides:

(1) If an offender is sentenced to the custody of the department for one of the following crimes, the court shall, in addition to the other terms of the sentence, sentence the offender to community custody for three years:

(a) A sex offense not sentenced under RCW 9.94A.507.

¶14 Former RCW 9.94A.701(8) provides:

The term of community custody specified by this section shall be reduced by the court whenever an offender's standard range term of confinement in combination with the term of community custody exceeds the statutory maximum for the crime as provided in RCW 9A.20.021.

¶15 The legislature also deleted the language used in former RCW 9.94A.715(1) that required community custody to begin when "the offender is transferred to community custody in lieu of earned release." As amended, RCW 9.94A.707 provides, in pertinent part:

(1) Community custody shall begin: (a) Upon completion of the term of confinement; or (b) at the time of sentencing if no term of confinement is ordered.

(2) When an offender is sentenced to community custody, the offender is subject to the conditions of community custody as of the date of sentencing, unless otherwise ordered by the court.

LAWS OF 2009, ch. 375, § 7.

¶16 However, the legislature did not change the requirement that a convicted sex offender "shall be transferred to community custody in lieu of earned release time." RCW 9.94A.729(5). RCW 9.94A.729(5)(a) provides, in pertinent part:

A person who is eligible for earned early release as provided in this section and who is convicted of a sex offense, a violent

offense, any crime against persons under RCW 9.94A.411(2), or a felony offense under chapter 69.50 or 69.52 RCW, shall be transferred to community custody in lieu of earned release time.

¶17 Winkle contends that under the 2009 amendments to the SRA, when the court sentences a sex offender to the statutory maximum, the court does not have the authority to impose community custody in lieu of earned early release. Winkle also argues that the language of RCW 9.94A.729(5) is not directed to the court at sentencing, but rather to the Department of Corrections (DOC). The State asserts the court has the authority under the SRA to impose a statutory maximum sentence for a sex offender that includes a period of community custody limited to earned early release time as long as the term of community custody does not exceed the statutory maximum.

¶18 In construing the statute as a whole and giving effect to each provision, we conclude that the legislative intent is to require a sex offender to serve community custody in lieu of earned early release. While the legislature deleted the language in former RCW 9.94A.715(1) that "community custody shall begin . . . [u]pon completion of the term of confinement[, or] at such time as the offender is transferred to community custody in lieu of earned release," the legislature did not amend RCW 9.94A.729(5)(a). RCW 9.94A.729(5)(a) unambiguously requires DOC to transfer a convicted sex offender to community custody in lieu of earned early release. Regardless of whether RCW 9.94A.729(5)(a) is directed to DOC, the plain language of the statute clearly mandates transferring a convicted sex offender to community custody rather than allowing early release.

¶19 Further, the Washington Supreme Court in *In re Personal Restraint of Brooks*, 166 Wn.2d 664, 211 P.3d 1023 (2009), considered and rejected the argument Winkle makes that the court could not consider earned early

release credits at the time of sentencing.[4] Citing to RCW 9.94A.030(21), the Court held, " 'The fact that an offender through earned release can reduce the actual period of confinement shall not affect the classification of the sentence as a determinate sentence.' " *Brooks*, 166 Wn.2d at 673 (quoting RCW 9.94A.030(21)).

> The SRA specifically states that a sentence is not rendered indeterminate by the fact that a defendant may earn early release credits. RCW 9.94A.030(21). Under the current statutory scheme, the exact amount of time to be served can almost never be determined when the sentence is imposed by the court. The only thing that can be determined at the time of sentencing is the maximum amount of time an offender will serve in confinement and the maximum amount of time the offender may serve in totality. While the DOC was left the responsibility of ensuring Brooks did not serve more than 120 months of confinement and community custody, this responsibility stemmed from both the requirements of the SRA and the sentence that the court *imposed.* Here the court imposed a sentence that had both a defined range and a determinate maximum. It is the SRA itself that gave courts the power to impose sentences and the DOC the responsibility to set the amount of community custody to be served within that sentence. We hold that Brooks's sentence is not indeterminate.

*Brooks*, 166 Wn.2d at 674.

¶20 We hold that the court's decision to impose a term of community custody for the period of earned early release not to exceed the statutory maximum sentence complies with the SRA and is consistent with the clear intent that a sex offender must be transferred to community custody in lieu of earned early release.

¶21 We affirm.

GROSSE and SPEARMAN, JJ., concur.

---

[4] Even though the Supreme Court in *Brooks* did not consider the 2009 amendments to the SRA, we conclude the holding as to whether the sentencing court can consider earned early release for a convicted sex offender still controls.