**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| In re the Matter of the Personal Restraint Petition of | No. 47261-9-II |
| MATTHEW QUINN SHOOP, | |
| Petitioner. | UNPUBLISHED OPINION |

SUTTON, J. — Matthew Shoop seeks relief from personal restraint imposed following his 2013 conviction for failing to register as a sex offender.[1] He argues that (1) the jury misunderstood the jury instructions, (2) the imposition of a term of community custody causes his sentence to exceed the statutory maximum sentence for his crime, (3) the trial court erred in imposing 36 months of community custody, (4) the trial court improperly delegated the conditions of his community custody to the Department of Corrections (DOC), (5) he received ineffective assistance of counsel from his appellate counsel for not raising the above issues in his direct appeal, and (6) cumulative error entitles him to a new trial. We grant Shoop's petition in part and remand his

---

[1] We issued the mandate of Shoop's direct appeal on November 17, 2014. Thus, Shoop timely filed his petition on March 2, 2015.

judgment and sentence to the trial court for correction of the term of community custody. In all other respects, we deny Shoop's petition.

First, Shoop bases his claim that the jury misunderstood the jury instructions on a declaration filed by his trial counsel reporting a conversation she had with the presiding juror about the jury's understanding of the instructions. Personal restraint petitions must be supported by admissible evidence. *In re Pers. Restraint of Lord*, 123 Wn.2d 296, 313, 868 P.2d 835 (1994). Trial counsel's declaration is inadmissible hearsay. *See* ER 801(c). Furthermore, an individual juror's understanding of trial and his or her mental processes is a matter that inheres in the verdict and cannot be used to impeach the verdict. *State v. Jackman*, 113 Wn.2d 772, 777-78, 783 P.2d 580 (1989). Thus, Shoop has not presented competent evidence to impeach the verdict based on the jury's alleged misunderstanding of the jury instructions.

Second, the sentencing court imposed a sentence of 38 months of confinement and 36 months of community custody. Shoop argues that the combination of these terms exceeds the 60-month statutory maximum punishment for his crime. Failure to register as a sex offender is a class C felony if it is the person's first conviction for felony failure to register. RCW 9A.44.132(1)(a)(i) and (ii). Shoop's 2013 conviction was his second conviction for felony failure to register. The maximum sentence for a class C felony is 60 months. RCW 9A.20.021(1)(c). Thus, the combination of the trial court's term of confinement and term of community custody exceeds the statutory maximum for Shoop's conviction.

The State concedes that the sentencing court failed to apply RCW 9.94A.701(9), which provides,

> "The term of community custody specified by this section shall be reduced by the court whenever an offender's standard range term of confinement in combination

with the term of community custody exceeds the statutory maximum for the crime as provided in RCW 9A.20.021."

Br. of Resp't at 3 (quoting RCW 9.94A.701(9)). The State also concedes that the *Brooks*[2] notation in Shoop's judgment and sentence does not remedy the problem. We accept the State's concessions on these points and remand Shoop's judgment and sentence for correction of the term of community custody.

Third, the sentencing court imposed 36 months of community custody "for Serious Violent Offenses." Personal Restraint Pet., Ex. 1 at 6. Shoop is correct that his conviction for failing to register as a sex offender is not a serious violent offense. But because it is his second conviction for felony failure to register, it is for a "sex offense" under RCW 9.94A.030(46)(a)(v), such that a term of community custody of up to 36 months is appropriate under RCW 9.94A.701(1)(a). As noted above, however, the sentencing court will need to reduce the term of community custody to not more than 22 months on remand for correction of Shoop's judgment and sentence.

Fourth, Shoop argues that the sentencing court erred in delegating the conditions of his community custody to DOC. But the sentencing court can delegate some conditions and Shoop does not specify what conditions he contends were improperly delegated. *See State v. McWilliams*, 177 Wn. App. 139, 154, 311 P.3d 584 (2013), *review denied*, 179 Wn.2d 1020 (2014).

Fifth, Shoop argues that he received ineffective assistance of counsel when his appellate counsel did not raise these issues in his direct appeal. But Shoop is receiving the same relief from this petition that he would have received had his appellate counsel raised them in his direct appeal and, therefore, Shoop does not show any prejudice resulting from his appellate counsel's failure

---

[2] *In re Pers. Restraint of Brooks*, 166 Wn.2d 664, 211 P.3d 1023 (2009).

to raise them. *See State v. McFarland*, 127 Wn.2d 322, 337, 899 P.2d 1251 (1995); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Thus, Shoop's claim of ineffective assistance of appellate counsel fails.

Finally, Shoop argues that he is entitled to a new trial on grounds of cumulative error. But having shown only one error, which pertained to sentencing only, he does not show cumulative error. *State v. Lazcano*, 188 Wn. App. 338, 370, 354 P.3d 233 (2015) (defendant bears the burden of proving cumulative error sufficient to warrant a new trial) (citing *Lord*, 123 Wn.2d at 332).

We grant Shoop's petition in part and remand his judgment and sentence to the trial court for correction of the term of community custody. In all other respects, we deny Shoop's petition.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

MAXA, J.

MELNICK, J.

4