IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| THE STATE OF WASHINGTON, | No. 87033-5-I |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| SUGANTHAN TIMOTHY KATHIRESON, | |
| Appellant. | |

BOWMAN, A.C.J. — Suganthan Timothy Kathireson appeals his judgment and sentence on resentencing for four counts of child molestation with domestic violence (DV) designations. Kathireson argues that the trial court abused its discretion by refusing to impose an exceptional sentence downward. In the alternative, he argues remand is necessary to correct a clerical error in his judgment and sentence. And, in a statement of additional grounds for review (SAG), Kathireson asserts that his offender score is incorrect under the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW. We affirm Kathireson's judgment and sentence on resentencing but remand only for the trial court to correct the clerical error.

FACTS

In 2021, a jury convicted Kathireson of two counts of second degree child molestation DV and two counts of third degree child molestation DV for sexually

assaulting his daughter.[1]  The trial court imposed concurrent sentences of 116 months of confinement and 36 months of community custody for second degree child molestation and 60 months' confinement for third degree child molestation. The trial court made a *Brooks*[2] notation[3] on the judgment and sentence, stating the "[t]otal community custody and confinement will not exceed the statutory maximum."  And it imposed a no-contact order (NCO), prohibiting Kathireson from having any contact with his daughter.  The NCO also prohibited contact with all minors unless approved by his community corrections officer.

Kathireson appealed his conviction, arguing ineffective assistance of counsel, prosecutorial misconduct, and imposition of an overly broad NCO.  In December 2022, we affirmed Kathireson's convictions but remanded the case to the trial court to address the NCO's application to his nonvictim biological children.  On June 9, 2023, the trial court modified the NCO.

Then, in December 2023, Kathireson moved pro se to again modify his judgment and sentence.  He argued that the court's concurrent sentence of 116 months' confinement and 36 months of community custody exceeded the statutory maximum sentence of 120 months for second degree child molestation,

---

[1] Kathireson has five other children.

[2] *In re Pers. Restraint of Brooks*, 166 Wn.2d 664, 211 P.3d 1023 (2009).

[3] A sentencing court would write a "*Brooks* notation" on a defendant's judgment and sentence, instructing the Department of Corrections (DOC) to ensure that the defendant's total term of confinement does not exceed the statutory maximum penalty under RCW 9.94A.505(5).  *See Brooks*, 166 Wn.2d at 668-70.  The notation reflected a statutory mandate at the time that "[w]hen the imposition of community custody would extend the sentence beyond the statutory maximum, the DOC is required by the SRA to release the offender on or before the date the offender will have served the statutory maximum."  *Id.* at 672; *see* former RCW 9.94A.715(4) (2008) (repealed by LAWS OF 2008, ch. 231, § 57).

and that the court's use of a *Brooks* notation to modify his sentence was an abuse of discretion.[4]  He asked to be resentenced to an "exceptional down[ ]ward departure to 80 months allowing for 36 months community custody, where[ ]by [his] sentence would be 116 months."[5]  The trial court at first transferred the motion to this court as untimely.  But on March 8, 2024, we determined the motion was not time barred and remanded it back to the trial court.

On remand, the trial court appointed counsel for Kathireson and set a status conference for June 5, 2024.  At the status conference, the parties agreed that the court needed to resentence Kathireson within the statutory maximum. The court asked defense counsel about Kathireson's prior request for an exceptional 80-month sentence:

> I saw a brief from the defense that suggested perhaps we should reduce [Kathireson's sentence] even more, down to 80 months of incarceration.  I'm not sure if that was just an issue of math because [the] parties had believed [116] months was the maximum.
> And I understand that we expect to go on to a full sentencing hearing, but I just want to clarify.  Is that a math error or is that really what defense is going to be seeking?

Defense counsel responded, "I don't believe that I, as counsel, filed that brief.  I think Mr. Kathireson filed that before he had counsel."

The court reiterated there would be a "full resentencing hearing to straighten out which part [of the judgment and sentence] needs to be reduced in

---

[4] Effective July 2009, the legislature enacted former RCW 9.94A.701(8), shifting the burden from the DOC to the trial court to reduce a term of community custody that exceeds the statutory maximum.  LAWS OF 2009, ch. 375, § 5; *see* former RCW 9.94A.715(4); *see also State v. Boyd*, 174 Wn.2d 470, 472-73, 275 P.3d 321 (2012) (per curiam).

[5] On May 9, 2024, Kathireson filed a proposed order amending his judgment and sentence to impose the 80-month exceptional sentence.

order to get to 120 [months]." And "if it is a full resentencing, then either party is free to seek an exceptional [sentence] up or down. You just have to justify it."

On July 19, 2024, Kathireson filed a presentence report, asking the court to sentence him to "the low end of the standard sentencing range" for second degree child molestation, which is 87 months. The State also filed a resentencing memorandum. It requested Kathireson be sentenced at the high end of his standard sentencing range, 116 months, and four months of community custody for a total of 120 months.

At the resentencing hearing in August, both parties maintained their requests. Kathireson also addressed the court. He asked the court to "give [him] a lesser sentence." Before the court decided Kathireson's sentence, it explained that

> what I'm going to do is backtrack here. So 120 [months] is the statutory maximum. If I impose 36 months of community custody, that's what I'm going to do, and that's going to give you the prison time of 84 [months], which is in your [standard sentencing] range.

The State then corrected the court, stating, "I believe 87 is actually the low end, Your Honor." The court continued:

> That makes sense then. I'm going to do 87 [months of confinement]. . . .
>    Now, I want to be clear, I'm not giving you the low end of the standard range because I'm being lenient, okay. Because I think if we're talking about punishment and what you deserve, it's the high end.
>    The reason I'm giving you the low end is because I want you to have community custody time.

The court imposed a concurrent standard-range sentence of 87 months of confinement and 33 months of community custody for a total term of 120 months.

Kathireson appeals.

ANALYSIS

Kathireson argues that the trial court abused its discretion by refusing to impose an exceptional sentence downward. In the alternative, he argues remand is necessary to correct a clerical error in his judgment and sentence. And, in a SAG, Kathireson contends that his offender score is incorrect under the SRA. We address each argument in turn.

1. Exceptional Sentence Downward

Kathireson argues the trial court erred by refusing to impose an exceptional sentence downward because it "did not recognize the full scope of its discretion" and sentenced him "based on a misunderstanding of the law." The State argues that Kathireson did not request an exceptional sentence below, so he cannot appeal the court's standard-range sentence. We agree with the State.[6]

When, as here, a trial court issues a sentence that impermissibly exceeds the statutory maximum, the court on remand may amend the community-custody term under RCW 9.94A.701(10)[7] or resentence the offender consistent with the SRA. *State v. Boyd* 174 Wn.2d 470, 473, 275 P.3d 321 (2012) (per curiam); *see* RCW 9.94A.505(5). Unless we limit the trial court's discretion, a resentencing court has the same discretion as if it were the original sentencing. *State v.*

---

[6] The State also argues Kathireson cannot appeal his sentence because he invited or waived any error. Because we conclude Kathireson cannot appeal his standard-range sentence under RCW 9.94A.585(1), we need not reach these issues.

[7] *Boyd* cites former RCW 9.94A.701(9) (2010). Because that subsection's language is identical to the current statute, RCW 9.94A.701(10), we cite the current statute. *See* LAWS OF 2021, ch. 242, § 6.

*Vasquez*, 4 Wn.3d 208, 215, 560 P.3d 853 (2024). It may consider any matters relevant to sentencing, including events that occurred after the initial sentencing and issues not previously raised. *Id.* at 215 (quoting *State v. Brown*, 193 Wn.2d 280, 288, 440 P.3d 962 (2019); *State v. Dunbar*, 27 Wn. App. 2d 238, 248, 532 P.3d 652 (2023). A court must impose a sentence within the standard range for an offense as specified by the SRA unless an alternative to confinement or exceptional circumstances apply. RCW 9.94A.505(2)(a)(i). At resentencing, the court may impose an exceptional sentence if it finds "substantial and compelling reasons to do [so]," even if the initial sentencing court did not. *Vasquez*, 4 Wn.3d at 215.

Where a sentencing judge has discretion, we review its decision for abuse of that discretion. *State v. Ellis*, ___ Wn.3d ___, 579 P.3d 37, 42 (2025) (citing *State v. Blair*, 191 Wn.2d 155, 159, 421 P.3d 937 (2018)). Generally, a defendant cannot appeal a standard-range sentence. RCW 9.94A.585(1); *State v. Brown*, 145 Wn. App. 62, 77-78, 184 P.3d 1284 (2008) (citing *State v. Williams*, 149 Wn.2d 143, 146-47, 65 P.3d 1214 (2003)). But a defendant can appeal from a court's erroneous refusal to exercise its discretion at all or its reliance on an impermissible basis for refusing to impose an exceptional sentence. *State v. McGill*, 112 Wn. App. 95, 99-100, 47 P.3d 173 (2002) (quoting *State v. Garcia-Martinez*, 88 Wn. App. 322, 330, 944 P.2d 1104 (1997)).

Here, the parties agreed that Kathireson's original concurrent sentence totaling 152 months exceeded the statutory maximum penalty of 120 months for

6

second degree child molestation.[8]  So, the court scheduled a resentencing hearing to correct the error.  Kathireson filed a presentence report, asking for a reduction in his total confinement to the "low end of the standard sentencing range."[9]  At the resentencing hearing, Kathireson again asked the court several times to impose a "low-end sentence."  The court agreed and imposed a low-end standard-range sentence of 87 months' confinement and 33 months of community custody.  Because the court issued a lawful sentence within the standard range, Kathireson may not appeal his sentence.  RCW 9.94A.585(1).

Pointing to the pro se motion he filed several months before the resentencing hearing, Kathireson now argues that he asked the court for an exceptional sentence downward, which he claims the court considered and mistakenly concluded it had no discretion to impose.  But even if we agreed with Kathireson's assertions that he requested an exceptional sentence downward and that the court considered his request,[10] Kathireson fails to show that the trial court had discretion to impose such a sentence.

---

[8] Second degree child molestation is a class B felony with a maximum sentence of 120 months.  RCW 9A.44.086(2); RCW 9A.20.021(1)(b).

[9] With an offender score of 9 and a seriousness level of VII for second degree child molestation, Kathireson's standard sentencing range was 87 to 116 months.  RCW 9.94A.510.

[10] Kathireson requested a downward exceptional sentence in a pro se filing before the appointment of counsel and several months before the resentencing hearing. But both in his presentence report and at the resentencing hearing, Kathireson clearly and repeatedly asked for a low-end standard-range sentence, abandoning his request for an exceptional sentence, so the court did not consider imposing an exceptional sentence.  In any event, at the resentencing hearing, the court at first mistakenly believed that the low end of the standard range was 84 months.  But it immediately corrected that mistake after the State's interjection and imposed 87 months.  And the court "want[ed] to be clear" that it did not impose the low end of the standard range because it thought Kathireson was worthy of a lesser sentence, but to protect the community by imposing a longer term of community custody.

As we noted, a court may impose a sentence outside the standard range if it finds substantial and compelling reasons to do so. RCW 9.94A.535. And RCW 9.94A.535(1) lists several mitigating factors that may justify imposing a sentence below the standard range. But Kathireson made no argument at resentencing that any of the mitigating factors in RCW 9.94A.535(1) applied to his case. Instead, citing *Boyd* and *In re Personal Restraint of McWilliams*, 182 Wn.2d 213, 340 P.3d 223 (2014), Kathireson argues for the first time on appeal that a resentencing court is untethered from the SRA when correcting a sentence that exceeds the statutory maximum. Kathireson misconstrues those cases.

In *Boyd*, the court issued a standard-range term of confinement and a term of community custody that together exceeded the statutory maximum sentence for his offense. 174 Wn.2d at 471. But the trial court made a *Brooks* notation on the judgment and sentence, specifying that the total term "could not exceed the statutory maximum." *Id.* The defendant appealed, and our Supreme Court held that the recent codification of former RCW 9.94A.701(9) prevented the court from using a *Brooks* notation to place the burden on the DOC to ensure that a defendant's sentence does not exceed the statutory maximum. *Id.* at 472-73.

Under RCW 9.94A.701(10),[11] a term of community custody "shall be reduced *by the court* whenever an offender's standard range term of confinement in combination with the term of community custody exceeds the statutory maximum for the crime." So, the remedy for a standard-range sentence and

---

[11] Emphasis added.

community-custody term that exceeds the statutory maximum is to either amend the community-custody term or resentence the defendant to bring the total term into statutory compliance.

In *McWilliams*, the court sentenced the defendant to an upward exceptional sentence of confinement and a term of community custody that together exceeded the statutory maximum penalty. 182 Wn.2d at 215. The defendant filed a personal restraint petition, arguing that under RCW 9.94A.701(10),[12] the court must either amend the community-custody term or resentence him. *Id.* at 215-16. Our Supreme Court disagreed, holding that the plain language of RCW 9.94A.701(10) states that it applies to only standard-range sentences, not exceptional sentences. *Id.* at 217-18. So, the appropriate remedy to correct an exceptional sentence upward and community-custody term that exceeds the statutory maximum is still a *Brooks* notation. *Id.* at 218.

Neither *Boyd* nor *McWilliams* hold that a court correcting an unlawful sentence is untethered from the confines of the SRA.[13]

2. Offender Score

In his SAG, Kathireson argues that his offender score of 9 is incorrect under the SRA. We disagree.

---

[12] *McWilliams* cites former RCW 9.94A.701(9).

[13] Alternatively, Kathireson argues that we should remand to correct a clerical error in his judgment and sentence on resentencing. Specifically, page five of his judgment and sentence erroneously states that his total term of confinement is 120 months instead of 87 months. The State agrees that this "limited remand is appropriate." We agree and remand only to correct the clerical error in Kathireson's judgment and sentence.

9

We review the trial court's calculation of an offender score de novo.  *State v. Schwartz* 194 Wn.2d 432, 438, 450 P.3d 141 (2019) (citing *State v. Tili*, 148 Wn.2d 350, 358, 60 P.3d 1192 (2003)).  To properly calculate a defendant's offender score, the sentencing court must determine the defendant's criminal history based on prior convictions and the level of seriousness of the current offense.  *State v. Wiley*, 124 Wn.2d 679, 682-83, 880 P.2d 983 (1994).  A "prior conviction" is one that exists before the date of sentencing for the current offense.  RCW 9.94A.525(1)(a).  "Other current offenses" are convictions entered or sentenced on the same day as the offense for which the offender score is being computed.  *Id.*  When an offender is sentenced to two or more current offenses, all "other current" and "prior" offenses are treated as prior offenses for determining the offender score.  RCW 9.94A.589(1)(a).  And when an offender's current conviction is for a sex offense, each prior adult sex-offense conviction counts as three points toward their offender score.  RCW 9.94A.525(17).

Here, a jury convicted Kathireson of four counts of child molestation, arising from four separate and distinct incidents.  Kathireson was sentenced for each of the four convictions on the same date, and he had no prior convictions.  So, Kathireson had three "other current" offenses at the time he was sentenced.  And because each of Kathireson's convictions is defined as a sex crime, each of the three "other current" offenses count as three points toward his offender score.  So, the trial court correctly concluded that Kathireson's offender score is 9.

Still, Kathireson argues that his offender score should be 0 because it is unfair and inconsistent with the goal of the SRA to count "other current" offenses

as "prior" offenses. But one purpose of the SRA is to ensure that punishment for a criminal offense is proportionate to its seriousness and the defendant's criminal history. RCW 9.94A.010(1). And forgoing punishment for separate criminal acts only because a defendant is sentenced for all those crimes on the same day would stray from that purpose.[14]

We affirm Kathireson's standard-range sentence and offender score and remand to the trial court only to correct the judgment and sentence to list Kathireson's total term of confinement as 87 months.

_____, ACJ

WE CONCUR:

_____        _____

---

[14] We note that the sentencing court rejected Kathireson's argument below that his convictions amount to the same criminal conduct under RCW 9.94A.589(1)(a). And Kathireson does not appeal that ruling.