IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 33096-6-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JAVIER OROZCO, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Javier Orozco contends that his trial counsel performed ineffectively and that the trial court sentenced him to an excessive term of community custody. We disagree with both contentions and affirm the convictions for possession of methamphetamine and felony driving under the influence of alcohol.

## FACTS

Mr. Orozco was charged in Grant County Superior Court with the two noted offenses arising from a traffic stop on January 19, 2014. The matter eventually proceeded to jury trial.

Prior to trial, the defense stipulated that Mr. Orozco had "criminal history sufficient to satisfy the requirements of RCW 46.61.502(6)(a)," the prior offense element that raises driving under the influence to a felony offense. Clerk's Papers (CP) at 210.

The stipulation was presented to the jury in the form of a jury instruction. *Id.* The elements instruction given to the jury listed this element in the language of the stipulation. CP at 212. However, although defense counsel attempted to have the trial court bifurcate the jury's consideration of the elements of the offense, no effort was made to seek a limiting instruction concerning the stipulation.

The jury convicted Mr. Orozco as charged. The trial court calculated the offender score as 9+ on the driving while under the influence count and imposed a sentence of 60 months. On the drug possession charge, the trial court sentenced Mr. Orozco to 12 months in prison, concurrent with the 60 month sentence, and 12 months of community custody upon release from prison.

Mr. Orozco timely appealed to this court. His counsel subsequently filed a motion for relief from appellate costs in accordance with the general order of this court. As the motion was received before the release of this opinion, the panel decided to address the motion in this document.

## ANALYSIS

Mr. Orozco presents two issues in this appeal. He first argues that his counsel performed ineffectively by failing to seek a limiting instruction concerning the stipulation to his criminal history. He also believes the trial court erred in imposing the term of community custody. We address the issues in the order noted.

2

No. 33096-6-III
*State v. Orozco*

*Ineffective Assistance Claim*

The standards of review governing a claim of ineffective assistance of counsel are well understood. The Sixth Amendment guarantee of counsel requires more than the mere presence of an attorney; counsel must perform to the standards of the profession. Failure to live up to those standards will require a new trial when the client has been prejudiced by counsel's failure. *State v. McFarland*, 127 Wn.2d 322, 334-335, 899 P.2d 1251 (1995). In evaluating ineffectiveness claims, courts must be highly deferential to counsel's decisions. A strategic or tactical decision is not a basis for finding error. *Strickland v. Washington*, 466 U.S. 668, 689-691, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To prevail on a claim of ineffective assistance, the defendant must show both that his counsel erred and the error was so significant, in light of the entire trial record, that it deprived him of a fair trial. *Id.* at 690-692.

Mr. Orozco is unable to satisfy either prong of the *Strickland* test. Because the decision not to seek a limiting instruction is frequently a tactical one, the Washington Supreme Court has declined to find that counsel erred by not seeking an instruction. *State v. Humphries*, 181 Wn.2d 708, 336 P.3d 1121 (2014), is on point. There, as here, the defense stipulated to the defendant's past criminal history and did not seek a limiting instruction. Noting that foregoing an instruction is frequently a tactical decision, the court concluded the defendant had not overcome the presumption that the decision was a tactical one. *Id.* at 720-721.

3

This case is in an even stronger position than that one. There the stipulation to the prior conviction, an element of one offense, was potentially prejudicial to the other count, an assault charge. *Id.* at 712, 719. Nonetheless, the court concluded there was no showing to overcome the likelihood that counsel made a tactical decision. *Id.* at 720-721. Here, the stipulation was in the same language as the element of the jury instruction on the driving offense. Counsel understandably would not desire to further call the jury's attention to his criminal history, particularly where it was clearly directed at the one count.

In light of *Humphries*, Mr. Orozco has not shown his counsel erred. He also fails to establish prejudice. In this case, the stipulation kept from the jury the fact that Mr. Orozco had at least four prior driving while under the influence convictions—the same crime for which he was then before the jury. Again, counsel understandably would not want to call the jury's attention to the stipulation. A limiting instruction telling the jury that it could consider the stipulation only as to the driving offense would tend to suggest to the jury that Mr. Orozco had prior driving offenses of some nature that they were not being told about. Mr. Orozco simply cannot explain how this tactic prejudiced him in any manner, let alone that it was such significant error that his trial was unfair.

Mr. Orozco needed to show both error and resulting prejudice from his counsel's alleged omission. He has done neither. Accordingly, the ineffective assistance claim is without merit.

4

*Community Custody*

Mr. Orozco next argues that the court erred by imposing the term of community custody, contending that the court lacked authority to do so. He erroneously tacks the term on to his driving sentence instead of on to his drug possession sentence. Properly viewed, there was no error.

The trial court cannot sentence an offender to a greater penalty than the statutory maximum for the specific crime. RCW 9.94A.505(5). The maximum sentence period includes both any term of incarceration as well as any term of community custody. *In re McWilliams*, 182 Wn.2d 213, 216, 340 P.3d 223 (2014). Thus, a court errs when it imposes a "combined term of confinement and community custody that exceeds the statutory maximum." *Id.* When the court imposes a standard range sentence and term of community custody that exceeds the statutory maximum, it must reduce the term of community custody. RCW 9.94A.701(9).

As with any case of statutory construction, this court reviews the interpretation of the various provisions of the Sentencing Reform Act of 1981, ch. 9.94A RCW, de novo. *State v. Bradshaw*, 152 Wn.2d 528, 531, 98 P.3d 1190 (2004); *State v. Winborne*, 167 Wn. App. 320, 326, 273 P.3d 454 (2012). A court begins by looking at the plain meaning of the statute as expressed through the words themselves. *Tesoro Ref. & Mktg. Co. v. Dep't of Revenue*, 164 Wn.2d 310, 317, 190 P.3d 28 (2008). If the statute's meaning is plain on its face, the court applies the plain meaning. *State v. Armendariz*, 160 Wn.2d

5

106, 110, 156 P.3d 201 (2007). Only if the language is ambiguous do we look to aids of construction, such as legislative history. *Id.* at 110-111. A provision is ambiguous if it is reasonably subject to multiple interpretations. *State v. Engel*, 166 Wn.2d 572, 579, 210 P.3d 1007 (2009).

There is no such problem in this case; the statute could hardly be any plainer. "The term of community custody specified by this section shall be reduced by the court whenever an offender's standard range term of confinement in combination with the term of community custody exceeds the statutory maximum *for the crime* as provided in RCW 9A.20.021." RCW 9.94A.701(9) (emphasis added). Because the legislature specifically referred to "the crime," it was not intending this provision to address any combination of sentences between crimes.

The statutory maximum sentence for each offense is five years. RCW 9A.20.021; RCW 46.61.502(6); RCW 69.50.4013(2). Here, the court imposed the community custody term only on the drug possession offense, a crime for which Mr. Orozco was sentenced to serve 12 months (plus one day) in prison. The combination of the prison sentence and the community custody extends to only one day past two years, a period of time well within the five year maximum sentence period available. Only if the prison sentence for the driving while under the influence charge were combined with the community custody term for the drug possession offense could there be any possible violation of the statute. The trial court did not make that mistake in this instance.

6

RCW 9.94A.701(9) only prohibits combined terms for the same crime from exceeding the statutory maximum term. That did not happen here. There was no error.

*Costs on Appeal*

Lastly, we consider Mr. Orozco's motion to waive appellate costs. All members of the court agree to consider the motion since the briefs were filed prior to the adoption of our new general order. However, a majority of the court has voted to deny the motion. Since it has prevailed, the State may claim costs, if it desires, by the timely filing of a cost bill. RAP 14.4. Nothing in our ruling prohibits Mr. Orozco from timely challenging any inappropriate cost claims. RAP 14.5.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Fearing, CJ

_____
Siddoway, J.

7