IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 75501-3-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| TERRY ALLEN DURNIL, | ) | |
| | ) | |
| Appellant. | ) | FILED: November 6, 2017 |

2017 NOV -6 AM 10: 17
COURT OF APPEALS DIV I
STATE OF WASHINGTON
FILED

TRICKEY, A.C.J. — Terry Durnil contends that his exceptional sentence of 60 months of confinement and 12 months of community custody exceeds the statutory maximum sentence and requires remand for amendment. The sentencing court properly noted on the judgment and sentence that the combined term of confinement and community custody should not exceed the statutory maximum. We affirm.

FACTS

Durnil pleaded guilty to 14 counts of identity theft in the second degree with an offender score of 17. The trial court found that due to Durnil's high offender score, any standard range sentence would be too lenient and result in some of the offenses going unpunished. As a result, the trial court imposed an exceptional sentence of 60 months on all counts to run concurrently. The court verbally sentenced Durnil to community custody for the period of his earned early release. The written judgment and sentence ordered Durnil to serve 60 months of incarceration and 12 months of community custody as required under RCW 9.94A.411. The community custody provision of the judgment and sentence included a standard, preprinted notation specifying, "applicable mandatory term

reduced so that the total amount of incarceration and community custody does not exceed the maximum term of sentence."[1]

Durnil appeals.

## ANALYSIS

Durnil contends that the trial court did not adequately delineate the structure of his combined incarceration and community custody to avoid a sentence in excess of the statutory maximum. Specifically, he claims that the standard notation in the judgment and sentence to reduce the applicable mandatory term does not a comply with RCW 9.94A.701(9). We disagree.

For standard range sentences, the trial court is obligated to reduce the required term of community custody when the combined time of confinement and community custody exceed the statutory maximum. RCW 9.94A.701(9). The trial court, not the Department of Corrections (DOC), must reduce the term of community custody. State v. Boyd, 174 Wn.2d 470, 473, 275 P.3d 321 (2012); State v. Bruch, 182 Wn.2d 854, 864, 346 P.3d 724 (2015).

But, by its plain language, RCW 9.94A.701(9) does not apply to exceptional sentences. In re Pers. Restraint of McWilliams, 182 Wn.2d 213, 217, 340 P.3d 223 (2014). For exceptional sentences, "a notation on the judgment and sentence explicitly stating that the combination of confinement and community custody would not exceed the statutory maximum" is the appropriate remedy. McWilliams, 182 Wn.2d at 218. This notation informs the DOC that it must modify the length of

---

[1] Clerk's Papers at 183.

community custody to conform to the statutory maximum sentence based on the term of confinement actually served.  <u>McWilliams</u>, 182 Wn.2d at 218.

Here, RCW 9.94A.701(9) does not apply because Durnil received an exceptional sentence.  Durnil's judgment and sentence includes the requisite notation.  We conclude that the trial court did not err.

Affirmed.

Trickey, ACJ

WE CONCUR:

Mann, J.

Leach, J.