IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of | ) | No. 34508-4-III |
| | ) | |
| JONATHAN C. MARTINEZ, | ) | |
| | ) | UNPUBLISHED OPINION |
| Petitioner. | ) | |
| | ) | |

PENNELL, J. — Jonathan Martinez has filed a personal restraint petition (PRP),

attacking his conviction and sentence for violation of a domestic violence no-contact

order. Mr. Martinez has not demonstrated any basis for relief from his conviction;

however, he has shown a deficiency in his sentence. Specifically, the combined term of

confinement and community custody exceeds the statutory maximum for a class C felony.

Because the sentence received by Mr. Martinez is below the standard range, the proper

remedy is remand for entry of a *Brooks*[1] notation. This matter is therefore remanded for

this limited purpose.

FACTS

On August 12, 2015, Jonathan Martinez pleaded guilty to violation of a domestic

violence no-contact order. RCW 26.50.110(5). The plea agreement called for a joint

---

[1] *In re Pers. Restraint of Brooks*, 166 Wn.2d 664, 211 P.3d 1023 (2009).

recommendation that Mr. Martinez receive a prison-based drug offender sentencing alternative (DOSA). The State also agreed to dismiss an additional charge for violation of a no-contact order.

Mr. Martinez failed to appear for sentencing on September 30, 2015. He also failed to appear for a pretrial hearing in a separate case. A bench warrant was issued and Mr. Martinez was subsequently arrested on October 16. Because of Mr. Martinez's failure to appear and subsequent arrest, the State was no longer interested in recommending a prison-based DOSA. Instead, the prosecutor offered to alter the parties' agreement by agreeing not to file bail jumping charges in return for the parties' joint recommendation for a straight 60-month sentence with no DOSA.

At sentencing, the State asked for a 60-month sentence consistent with the modified plea offer. The State also sought 12 months of community custody. Defense counsel spoke at the sentencing hearing and indicated he had reviewed the terms of the modified plea agreement and would not oppose the State's recommendation. When given the opportunity to speak during sentencing, Mr. Martinez indicated he understood he had broken the law and was prepared to serve his sentence. The trial court then sentenced Mr. Martinez to 60 months of confinement with 12 months of community custody to follow.

No. 34508-4-III
*In re Pers. Restraint of Martinez*

Mr. Martinez did not appeal his judgment and sentence, but he has timely filed a PRP that was referred to this panel for review. *See* RAP 16.11(b).

## ANALYSIS

*Sentence imposed exceeded statutory maximum*

Under RCW 9.94A.505(5), a defendant's combined term of confinement and community custody cannot exceed the statutory maximum for his or her crime of conviction.[2] To safeguard against an excessive sentence, RCW 9.94A.701(9) requires that a term of community custody be reduced whenever the combination of a term of community custody and "standard range term of confinement" exceeds the statutory maximum sentence. When the trial court fails to act in accordance with RCW 9.94A.701(9), the remedy is remand for resentencing or amendment of the community custody term. *See State v. Boyd*, 174 Wn.2d 470, 472-73, 275 P.3d 321 (2012).

Mr. Martinez pleaded guilty to a class C felony. RCW 26.50.110(5). As such, his maximum term of confinement is 5 years. RCW 9A.20.021(1)(c). Mr. Martinez was sentenced to 60 months (5 years) of confinement along with 12 months of community custody. This total term of 72 months exceeds the statutory maximum by 12 months.

---

[2] Although Mr. Martinez references the Eighth Amendment to the United States Constitution in his petition, he cites no law to support this aspect of his argument. As such, this constitutional argument has not been considered. *See* RAP 16.7(a)(2).

3

Mr. Martinez thus argues his sentence is in violation of RCW 9.94A.701(9). We agree with Mr. Martinez that his sentence is unlawful, but we do not find his case falls under RCW 9.94A.701(9).

Mr. Martinez had an offender score of 10 at the time he pleaded guilty to violating a no-contact order. A violation of RCW 26.50.110(5) has been assigned seriousness level V. RCW 9.94A.515. The standard range for a person with an offender score of 9 or more who commits a crime assigned seriousness level V is 72 to 96 months (6 to 8 years). RCW 9.94A.510. Thus, Mr. Martinez was sentenced *below* the standard range for his crime and offender score. This is significant because RCW 9.94A.701(9) only applies to terms of confinement within the standard range. *See In re Pers. Restraint of McWilliams*, 182 Wn.2d 213, 217, 340 P.3d 223 (2014).[3] As Mr. Martinez was sentenced below the standard range, RCW 9.94A.701(9) does not apply to his case.

Instead, Mr. Martinez must rely on RCW 9.94A.505(5), which prohibits a trial court from imposing a combined term of confinement and community custody that

---

[3] *McWilliams* involved an exceptional sentence above the standard range for the petitioner's crime. 182 Wn.2d at 215. This case involves a sentence that is below, and thus outside, the standard sentencing range for a person convicted of a crime with seriousness level V and an offender score of 10. The reasoning in *McWilliams* regarding why RCW 9.94A.701(9) only applies to sentences within the standard range applies here as well. 182 Wn.2d at 217-18.

exceeds the statutory maximum. *See McWilliams*, 182 Wn.2d at 218. But the proper remedy for a sentence that violates RCW 9.94A.505(5) is to remand to the trial court for inclusion of "an explicit notation in the judgment and sentence" directing the Department of Corrections (DOC) to modify the term of community custody to conform with the statutory maximum based on the amount of confinement actually served.[4] *Id.* That is the remedy Mr. Martinez is entitled to here.[5]

*State's alleged violation of the plea agreement*

A plea agreement is a contract between the prosecutor and the defendant. *In re Pers. Restraint of Lord*, 152 Wn.2d 182, 188, 94 P.3d 952 (2004). Due process requires a prosecutor to fulfill the terms of the agreement and recommend the agreed upon sentence. *Id.* at 189. If a prosecutor fails to do so, a defendant may seek relief in a personal

---

[4] This practice is commonly referred to as a "*Brooks* notation." *E.g. McWilliams*, 182 Wn.2d at 219 (Gordon McCloud, J., dissenting). While *Brooks* notations are no longer common in light of RCW 9.94A.701)(9), they remain applicable in the context of nonstandard range sentences. *McWilliams*, 182 Wn.2d at 218.

[5] This outcome dispenses with the need to address the State's ripeness argument based on possible early release time Mr. Martinez may earn. If he is released with more than 12 months remaining on the 60-month term of confinement, the full community custody term will be served. If Mr. Martinez is released with less than 12 months remaining on his 60-month term of confinement, the DOC must adjust the term of community custody so the combined total of confinement and community custody does not exceed 60 months (i.e. release after 50 months would require the DOC to reduce community custody term to 10 months). *See McWilliams*, 182 Wn.2d at 218.

restraint petition. *Id.* Actual prejudice is established if the defendant can show that the prosecutor failed to adhere to the terms of the plea agreement. *Id.* Whether the prosecutor breached the plea agreement is analyzed by looking at the sentencing record to determine the parties' "'objective manifestations of intent.'" *Id.* (quoting *State v. Turley*, 149 Wn.2d 395, 400, 69 P.3d 338 (2003)). If the plea agreement has indeed been breached, the defendant may either withdraw his plea and submit to a new trial or obtain specific performance of the terms of the agreement. *Id.* at 189-90. But, if the defendant breached the plea agreement, the State may rescind it. *State v. Thomas*, 79 Wn. App. 32, 36-37, 899 P.2d 1312 (1995).

Mr. Martinez argues the prosecutor breached the plea agreement by not recommending a prison-based DOSA. The parties' original plea agreement called for the State to recommend a prison-based DOSA and dismiss the separate violation of a domestic violence no-contact order charge. The State never made the DOSA recommendation. It primarily contends that defense counsel and the prosecutor renegotiated the terms of the agreement after Mr. Martinez failed to appear at the September 30 sentencing hearing. The State calls this a valid oral modification of the written plea agreement. Alternatively, the State asserts Mr. Martinez breached the original plea agreement when he failed to appear for sentencing, relieving the State of its

6

duty to make a DOSA recommendation. As another alternative, the State argues Mr. Martinez agreed to the terms of the modified plea agreement at the October 28 sentencing hearing and is barred from seeking review under the invited error doctrine.

Because plea agreements are contracts between the defendant and the prosecutor, basic contract principles apply. *State v. Sledge*, 133 Wn.2d 828, 838, 947 P.2d 1199 (1997). Parties may mutually agree to modify an existing contract so long as the modification is supported by consideration. *See, e.g., Rosellini v. Banchero*, 83 Wn.2d 268, 273, 517 P.2d 955 (1974); *Ebling v. Gove's Cove, Inc.*, 34 Wn. App. 495, 499, 663 P.2d 132 (1983).[6] That requirement has been met here.

The parties originally agreed to an exchange of a guilty plea for a prison-based DOSA recommendation and dismissal of a separate charge by the State. After Mr. Martinez failed to appear at sentencing, the parties modified the agreement to a guilty plea and *no pursuance of a DOSA sentence by Mr. Martinez*, in exchange for *no new bail jumping charges*, dismissal of a separate charge, and a straight 60-month term of confinement and 12 months of community custody. Both parties agreed to perform new

---

[6] Mr. Martinez cites to *Ebling* to argue that any oral modification of an existing contract must be proved by clear and convincing evidence. PRP Response Br. At 4-5. *Ebling* makes no mention of the clear and convincing standard. It only indicates that new consideration is required for modification of an existing contract. 34 Wn. App. at 498-99.

7

obligations in addition to those obligations that existed under the original plea agreement. There was adequate consideration for the modification of the plea agreement. *See Rosellini*, 83 Wn.2d at 273 (modification supported by consideration when both parties take on new obligations in addition to those in the original contract). We agree with the State that there was a valid modification of the existing plea agreement. The State fully complied with the terms of the modified plea agreement. Mr. Martinez's claim fails.

*Ineffective assistance of counsel*

In order to prove ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that said deficiency resulted in prejudice. *See In re Pers. Restraint of Yates*, 177 Wn.2d 1, 35-36, 296 P.3d 872 (2013); *see also Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Counsel's conduct is not considered deficient if it can be characterized as legitimate strategy or tactics. *State v. Kyllo*, 166 Wn.2d 856, 863, 215 P.3d 177 (2009).

Mr. Martinez first argues defense counsel was deficient for not objecting to the unlawful sentence of 60 months of confinement with an additional 12 months of community custody. As discussed above, that sentence is illegal. But, Mr. Martinez's remedy for ineffective assistance on that ground would be remand for a *Brooks* notation consistent with the analysis above. Thus, his ineffective assistance argument in regard to

8

his sentence is duplicative with that issue. There is no need to address this aspect of his ineffective assistance claim.

Mr. Martinez also argues defense counsel was deficient for not seeking to enforce the original plea agreement. On top of there being a valid modification of the plea agreement, as pointed out by the State, defense counsel's actions were a legitimate strategy that benefitted Mr. Martinez. The prosecutor was going to file bail jumping charges that defense counsel recognized would "really mess things up" for Mr. Martinez. State's Response to Additional Documentation Requested at Attachment A-1. Counsel sought to keep the DOSA recommendation on the table, but the prosecutor flatly refused. Defense counsel then negotiated the modified plea agreement with the prosecutor that resulted in the sentence Mr. Martinez is currently serving. Had defense counsel not done this, new bail jumping charges filed by the State might have resulted, with Mr. Martinez's high offender score, in an additional 60 months of confinement for that class C felony. It is possible, due to his symptoms from multiple sclerosis, Mr. Martinez could have had an affirmative defense to bail jumping.[7] *See* RCW 9A.76.170(2). But rather than roll the dice and risk five more years of incarceration, defense counsel negotiated a deal that

---

[7] There is evidence in the record that Mr. Martinez's symptoms are debilitating and were the reason he was unable to make the September 30 sentencing hearing.

No. 34508-4-III
*In re Pers. Restraint of Martinez*

removed any possibility of the State pursuing bail jumping charges. Such advocacy on behalf of a defendant is not deficient performance.

## CONCLUSION

We remand to the trial court for entry of a *Brooks* notation on the judgment and sentence. All remaining claims in Mr. Martinez's personal restraint petition are denied.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Pennell, J.

WE CONCUR:

Fearing, C.J.

Korsmo, J.

10