# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In the Matter of the<br>Personal Restraint of<br><br>KAMARA KAM CHOUAP,<br><br>                    Petitioner. | No.  51278-5-II<br><br><br><br>UNPUBLISHED OPINION |

MELNICK, J.  —  Kamara Chouap seeks relief from personal restraint resulting from his 2010 conviction for assault in the second degree.[1]  The trial court sentenced him to 120 months of confinement and 18 months of community custody.  That sentence exceeds the statutory maximum sentence of 120 months.  RCW 9A.20.021(1)(b).

Chouap argues that he is entitled to have his term of confinement reduced to 102 months so he can be allowed to serve his 18-month term of community custody.[2]  The State concedes that Chouap's sentence exceeds the statutory maximum sentence, but that under *In re Personal Restraint of McWilliams*, 182 Wn.2d 213, 218, 340 P.3d 223 (2014), Chouap is entitled only to the

---

[1] He does not seek relief from his convictions for two counts of attempting to evade a pursuing police vehicle.

[2] Because Chouap's judgment and sentence is facially invalid, his petition, which was transferred to us by the trial court under CrR 7.8(b), is not time-barred by RCW 10.73.090(1).

addition to his judgment and sentence of a *Brooks*[3] notation that under no circumstances shall the combined terms of confinement and of community custody exceed the statutory maximum sentence.

We agree with the State and remand Chouap's judgment and sentence for addition of a *Brooks* notation that under no circumstances shall the combined terms of confinement and of community custody exceed the statutory maximum sentence.[4]

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MELNICK, J.

We concur:

JOHANSON, P.J.

SUTTON, J.

---

[3] *In re Personal Restraint of Brooks*, 166 Wn.2d 664, 675, 211 P.3d 1023 (2009).

[4] Because Chouap was sentenced before the legislature overruled *Brooks* by enacting RCW 9.94A.701(9), *Brooks* is applicable to him. *See McWilliams*, 182 Wn.2d at 218.