**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| In the Matter of the Personal Restraint of<br><br>CHAD BRIAN STANDS,<br><br>                Petitioner. | No. 53596-3-II<br><br>UNPUBLISHED OPINION |

GLASGOW, J.—Chad Brian Stands seeks relief from personal restraint resulting from his 2014 plea of guilty to two counts of third degree assault (counts I and II), malicious mischief (count III), and attempting to elude a pursuing police vehicle (count IV). The trial court imposed standard range sentences of 60 months each on counts I and II, and exceptional sentences below the standard range of 40 months on count III and 20 months on count IV. The trial court also accepted the parties' stipulation that an exceptional sentence was warranted and that all sentences would be served consecutively. The trial court imposed a 12-month term of community custody only on counts I and II. And it included a "*Brooks* notation" that the "combined term of confinement and community custody for any particular offense cannot exceed the statutory maximum." Resp. to Personal Restraint Pet., App. at 34; *see In re Pers. Restraint of Brooks*, 166 Wn.2d 664, 672-73, 211 P.3d 1023 (2009).

The statutory maximum sentence for counts I and II is 60 months. RCW 9A.36.031(2); RCW 9A.20.021(1)(c). Stands argues that the trial court erred in imposing the term of community custody because the combined terms of confinement and community custody are 72 months, which exceeds the statutory maximum. He also contends that under RCW 9.94A.701(9) he is entitled to have his term of community custody reduced to zero. RCW 9.94A.701(9) provides that "[t]he term of community custody specified by this section shall be reduced by the court whenever an

offender's standard range term of confinement in combination with the term of community custody exceeds the statutory maximum for the crime as provided in RCW 9A.20.021."

The State responds that because the trial court imposed an exceptional sentence, RCW 9.94A.701(9) does not apply to Stands's judgment and sentence and the *Brooks* notation is sufficient. But the *Brooks* notation applies only to exceptional sentences imposed above the standard range, not standard range sentences. *In re Pers. Restraint of McWilliams*, 182 Wn.2d 213, 218, 340 P.3d 223 (2014).

Stands was sentenced to standard range sentences for counts I and II and they are exceptional sentences only in the sense that they were ordered to be served consecutively to each other and to the other counts under RCW 9.94A.589(1)(a). Stands was sentenced to the statutory maximum of 60 months for both count I and count II. In addition, the 12-month term of community custody was imposed for counts I and II. No community custody was imposed for the remaining counts.

Because Stands was sentenced after RCW 9.94A.701(9) became effective on July 26, 2009, the trial court erred in imposing a term of community custody because the terms of confinement for counts I and II were at the statutory maximum. *State v. Boyd*, 174 Wn.2d 470, 472-73, 275 P.3d 321 (2012). The *Brooks* notation is not sufficient to cure the error. *Id.* And that error makes Stands's judgment and sentence facially invalid, such that his petition is not time barred by RCW 10.73.090(1). *In re Pers. Restraint of Hemenway,* 147 Wn.2d 529, 532-33, 55 P.3d 615 (2002).

No. 53596-3

We grant Stands's petition and remand to the trial court for resentencing pursuant to RCW 9.94A.701.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, J.

We concur:

Melnick, J.

Sutton, A.C.J.

3