FILED
7/20/2020
Court of Appeals
Division I
State of Washington

**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | | |
|---|---|---|
| IN THE MATTER OF THE PERSONAL RESTRAINT OF: | ) ) ) | No. 78689-0-I |
| | ) | DIVISION ONE |
| CHAD HURN, | ) ) | |
| Petitioner. | ) ) ) ) | ORDER GRANTING MOTION FOR RECONSIDERATION, WITHDRAWING OPINION, AND SUBSTITUTING OPINION |

Petitioner, Chad Hurn, has filed a motion for reconsideration of the opinion filed on May 18, 2020. The State of Washington has filed a response to petitioner's motion for reconsideration. The court has determined that the motion should be granted, the opinion withdrawn, and a substitute opinion filed; now, therefore, it is hereby

ORDERED that the motion for reconsideration is granted; and it is further

ORDERED that the opinion filed on May 18, 2020 is withdrawn; and it is further

ORDERED that a substitute opinion shall be filed.

_____ Dwyer, J.

_____      _____
Andrus, A.C.J.                                         Appelwick, J.

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| IN THE MATTER OF THE PERSONAL RESTRAINT OF: | ) ) ) | No. 78689-0-I |
| CHAD HURN, | ) ) | DIVISION ONE |
| Petitioner. | ) ) ) ) | UNPUBLISHED OPINION |

PER CURIAM — Chad Hurn challenges his sentence for second degree assault as exceeding the statutory maximum. We accept the State's concession that the combined term of confinement and community custody exceeded the statutory maximum. Accordingly, we grant Hurn's personal restraint petition, reverse the sentence, and remand for the trial court to resentence him consistent with RCW 9.94A.701(9).

A jury convicted Hurn of 13 counts including second degree assault, unlawful possession of a firearm, possession of a stolen firearm, possession of a stolen vehicle, making or having vehicle theft tools, identity theft, tampering with a witness, communication with a minor for immoral purposes, and intimidating a witness in King County Cause No. 13-1-01806-0 SEA. On Count 1, second degree assault, the court imposed a term of 120 months confinement, consisting of a standard range sentence of 84 months plus 36 months for a mandatory firearm enhancement. The court ordered that the sentences on all counts run concurrently except for Count 3, which the court ordered to run consecutively. The court

imposed a total of 252 months confinement and 18 months of community custody. This court affirmed Hurn's convictions on appeal. State v. Hurn, 71813-4-I (Wash. Ct. App. Dec. 7, 2015) (unpublished) https://www.courts.wa.gov/opinions/pdf/718134.pdf.

Hurn then filed a CrR 7.8 motion challenging the sentence. The superior court transferred the motion to this court for consideration as a personal restraint petition. CrR 7.8(c)(2). Hurn claims that on Count 1, the combined terms of confinement and community custody exceed the statutory maximum for the offense in violation of RCW 9.94A.505. Thus, he contends the sentence must be reversed and remanded for the trial court to resentence him.

RCW 9.94A.505(5) prohibits the trial court from imposing a combined term of confinement and community custody that exceeds the statutory maximum. The State concedes and we agree that the trial court exceeded its authority by sentencing Hurn to a term of community custody of 18 months in addition to a 120-month term of confinement on his conviction for second degree assault in Count 1. See RCW 9A.36.021(1)(c), (2); RCW 9A.20.021(1)(b) (10-year statutory maximum). Because the challenged sentence is a standard range sentence, we reverse and remand for the trial court to either amend the community custody term or resentence Hurn on Count 1 consistent with RCW 9.94A.701(9). State v. Boyd, 174 Wn.2d 470, 473, 275 P.3d 321 (2012); In re Pers. Restraint of McWilliams, 182 Wn.2d 213, 217, 340 P.3d 223 (2014).

Hurn further claims the judgment and sentence erroneously states the total term of confinement as 252 months. He mistakenly asserts that the longest

sentence was on Count 3 (96 months) and that Count 2 (116 months) ran consecutively, coming up with a total of 248 months after adding 36 months for the firearm enhancement.  The longest sentence was actually on Count 13 (120 months), and Count 3 (96 months), not Count 2, ran consecutively to the other counts.  Thus, adding 36 months for the firearm enhancement, the total confinement is correctly stated in the judgment and sentence as 252 months.

We grant Hurn's petition and remand to the trial court to enter a sentence consistent with RCW 9.94A.701(9).

For the court:

_____ Duyn, J.

_____ Andrus, A.C.J.

_____ Appelwick, J.