IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 37646-0-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| BRENT RICHARD SMITH, | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, J. — Brent Smith challenges his sentence because the length of his sentences for individual crimes when combined with his time in community custody exceeds the statutory maximum for his crimes. Smith's judgment and sentence reads that the combined time in prison and in community custody must not exceed the statutory maximum for his crimes. Because such a notation no longer complies with statutory sentencing requirements, we remand for resentencing.

FACTS

On appeal, Brent Smith only challenges his sentence. The underlying facts of the crime are irrelevant.

PROCEDURE

The State of Washington charged Brent Smith with one count of felony violation of a court order. The State alleged that Smith telephoned the victim ten times over seven days, while having incurred at least two earlier convictions for violating a no contact order. The State alleged the aggravating circumstance of domestic violence, because the victim was currently or formerly in a dating relationship with Smith.

The State later amended its information by charging Brent Smith with seven counts, rather than one count, of felony violation of a court order. The seven counts represented the number of days during which Smith allegedly telephoned the victim, rather than the number of calls.

After a bench trial, the trial court found Brent Smith guilty as charged of violating a valid no contact order. The trial court determined that all seven counts constituted domestic violence.

At sentencing, the trial court sentenced Brent Smith to sixty months' confinement on each of the seven counts, with all seven sentences to be served concurrently. The court also imposed twelve months' of community custody. Section 4.2 of the judgment and sentence, the community custody provision, reads, in relevant part:

> Note: combined term of confinement and community custody for any particular offense *cannot exceed the statutory maximum*. RCW 9.94A.701.

Clerk's Papers (CP) at 99 (emphasis added).

2

LAW AND ANALYSIS

On appeal, Brent Smith assigns only one error. Smith argues that the sentencing court exceeded its authority by imposing sixty months' confinement and twelve months' community custody for each conviction, when the maximum penalty for each of his convictions is sixty months. Smith requests that this court remand to amend the judgment and sentence to strike the community custody provision. Alternatively, Smith seeks resentencing to ensure that his total confinement and community custody terms do not exceed sixty months. We agree that remand for resentencing is necessary, despite the notation in the judgment and sentence that reads: "combined term of confinement and community custody for any particular offense cannot exceed the statutory maximum. RCW 9.94A.701." CP at 99.

RCW 9.94A.505 governs sentencing and provides:

> [A] court *may not impose a sentence providing for a term of confinement or community custody that exceeds the statutory maximum for the crime* as provided in chapter 9A.20 RCW.

RCW 9.94A.505(5) (emphasis added.) RCW 9.94A.701 governs community custody. RCW 9.94A.701(9) declares:

> The term of community custody specified by this section shall be *reduced by the court* whenever an offender's standard range term of confinement in combination with the term of community custody *exceeds the statutory maximum for the crime as provided in RCW 9A.20.021*.

(Emphasis added.)

The combined impact of RCW 9.94A.505(5) and RCW 9.94A.701(9) restricts a trial court from imposing a combined term of confinement and community custody that exceeds the statutory maximum. *In re Personal Restraint of McWilliams*, 182 Wn.2d 213, 216, 340 P.3d 223 (2014). When the trial court imposes a sentence in violation of the statutes, we remand to the trial court to amend the community custody term or to resentence consistent with the statute. *In re Personal Restraint of McWilliams*, 182 Wn.2d 213, 217 (2014).

In *In re Personal Restraint of Brooks*, 166 Wn.2d 664, 673, 211 P.3d 1023 (2009), our high court held that appellate courts need not remand to amend the judgment and sentence or resentence, if a notation in the judgment and sentence explicitly states that the combination of confinement and community custody must not exceed the statutory maximum sentence for the crime of conviction. The notation, dubbed the *Brooks* notation, in the judgment informs the Department of Corrections that it must modify the amount of community custody to conform to the statutory maximum based on the amount of confinement actually served. *In re Personal Restraint of Brooks*, 166 Wn.2d 664, 672-73.

As of RCW 9.94A.701(9)'s enactment on July 26, 2009, our high court has held that the *Brooks* notation procedure no longer complies with statutory requirements. *State v. Boyd*, 174 Wn.2d 470, 472-73, 275 P.3d 321 (2012); *State v. Franklin*, 172 Wn.2d 831, 839-41, 263 P.3d 585 (2011). For defendants sentenced after RCW 9.94A.701(9)'s

4

No. 37646-0-III
*State v. Smith*

effective date, it is the trial court's responsibility to reduce the term of community custody to avoid a sentence in excess of the statutory maximum. *State v. Boyd*, 174 Wn.2d 470, 473 (2012).

RCW 9.94A.701(9) declares:

> The term of community custody specified by this section shall be *reduced by the court* whenever an offender's standard range term of confinement in combination with the term of community custody exceeds the statutory maximum for the crime as provided in RCW 9A.20.021.

(Emphasis added.) The *Brooks* notation is still an appropriate remedy, however, when an exceptional sentence is imposed. *In re Personal Restraint of McWilliams*, 182 Wn.2d 213, 218 (2014).

Brent Smith was sentenced after RCW 9.94A.701(9) went into effect. He received a standard range sentence, not an exceptional one. Therefore, the use of the *Brooks* notation was inappropriate in this case. The trial court should have ensured that Smith's total term of confinement did not exceed the statutory maximum of sixty months.

## CONCLUSION

We remand to the trial court to resentence Brent Smith. The trial court may, in its discretion, amend the judgment and sentence by striking the community custody provision or otherwise ensure that Smith's total confinement and community custody terms for any of his offenses do not exceed the statutory maximum of sixty months.

No. 37646-0-III
*State v. Smith*

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Staab, J.