# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of<br><br>SETH JAMES CURRAN,<br><br>               Petitioner. | No. 56044-5-II<br><br>UNPUBLISHED OPINION |

GLASGOW, C.J.—Seth James Curran seeks relief from personal restraint imposed following his 2019 plea of guilty to two counts of second degree child molestation (counts I and II) and two counts of communication with a minor for immoral purposes (counts III and IV). He argues: (1) his sentences on counts I and II of 87 months of confinement and 36 months of community custody exceed the statutory maximum sentence of 120 months; (2) his conviction on counts III and IV should not have been felonies; (3) the trial court improperly used a multiplier to increase his offender score; (4) his convictions were parts of the same criminal conduct; and (5) the trial court improperly imposed a long list of community custody conditions regarding possessing or consuming alcohol or entering "location[s] where alcohol is the primary product," supervision fees, psychosexual and substance abuse evaluations, "sexually explicit materials that are intended for sexual gratification," access to social media, frequenting areas where children congregate, notifying his community corrections officer of romantic relationships, curfew, polygraph and plethysmograph examinations, electronic home detention, urinalysis testing, and no contact with victims or their families. Br. in Supp. of Personal Restraint Pet. at 15, 18 (underscore omitted).

RCW 10.73.090(1) provides:

No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction.

Curran's judgment and sentence became final on January 7, 2019, when the trial court entered it. RCW 10.73.090(3)(a). He did not file his petition until July 13, 2021. Unless he shows that one of the exceptions in RCW 10.73.100 applies or shows that the trial court lacked jurisdiction or the judgment and sentence is facially invalid, his petition is time barred. *In re Pers. Restraint of Hemenway*, 147 Wn.2d 529, 532-33, 55 P.3d 615 (2002). Because several of Curran's claims address neither facial invalidity nor trial court jurisdiction, and he does not show that they meet the RCW 10.73.100 exceptions, his petition is "mixed." *In re Pers. Restraint of Stenson*, 150 Wn.2d 207, 220, 76 P.3d 241 (2003). Only those claims that would render the judgment and sentence facially invalid or would establish the trial court lacked jurisdiction will be addressed where a petitioner has brought a mixed petition with multiple claims. *Id*.

A showing that the sentencing court imposed a sentence in excess of its statutory authority will demonstrate facial invalidity. *In re Pers. Restraint of Coats*, 173 Wn.2d 123, 136, 267 P.3d 324 (2011). Even if Curran demonstrates a facial error, he still "must show actual and substantial prejudice" or "that a fundamental defect of a nonconstitutional nature has resulted in a complete miscarriage of justice" to obtain relief. *In re Pers. Restraint of Yates*, 180 Wn.2d 33, 41, 321 P.3d 1195 (2014); *In re Pers. Restraint of Carrier*, 173 Wn.2d 791, 818, 272 P.3d 209 (2012).

"The term of community custody . . . shall be reduced by the court whenever an offender's standard range term of confinement in combination with the term of community custody exceeds the statutory maximum for the crime as provided in RCW 9A.20.021." RCW 9.94A.701(10). The statutory maximum sentence for second degree child molestation is 120 months. RCW

9A.44.086(2), .20.021(1)(b). Curran's sentence of confinement and community custody totals 123 months. The State concedes that the 123-month total sentence exceeds the statutory maximum and renders Curran's judgment and sentence facially invalid. Therefore, this issue is not time barred. *Stenson*, 150 Wn.2d at 220; *In re Pers. Restraint of McWilliams*, 182 Wn.2d 213, 215-16, 340 P.3d 223 (2014). And the error is a fundamental defect resulting in a complete miscarriage of justice because the practical effect is a total sentence beyond the statutory maximum. *See Carrier*, 173 Wn.2d at 818.

We therefore accept the State's concession. Where the trial court erroneously imposed a sentence in excess of the statutory maximum, we must remand for the trial court to amend the community custody term. RCW 9.94A.701(10); *State v. Boyd*, 174 Wn.2d 470, 473, 275 P.3d 321 (2012).

Curran also contends that his conviction and the duration of his sentence were invalid for other reasons, but none would render his judgment and sentence facially invalid, nor does he show that any of the exceptions to the one-year time bar in RCW 10.73.100 applies. Thus, none of these claims warrants relief.

Finally, Curran asserts that multiple conditions of community custody imposed as part of his judgment and sentence are invalid. To the extent he argues that certain community custody conditions fail to comply with statutes or are not crime related, Curran does not show how those claims survive the time bar. Thus, these arguments fail.

An unconstitutional community custody condition can render a judgment and sentence facially invalid in some circumstances. *See State v. Johnson*, 197 Wn.2d 740, 745-46, 487 P.3d 893 (2021); *State v. Fletcher*, 19 Wn. App. 2d 566, 573-75, 497 P.3d 886 (2021). Curran contends that the condition requiring evaluation and compliance with treatment recommendations is

unconstitutionally vague, but he fails to explain how this condition is constitutionally improper. He also asserts that a condition requiring him to stay out of areas frequented by children and providing an illustrative list is unconstitutionally vague and overbroad. But the Washington Supreme Court recently rejected this argument in *State v. Wallmuller*, 194 Wn.2d 234, 245, 449 P.3d 619 (2019). Curran mentions that the prohibitions on possessing sexually explicit materials and accessing social media are overbroad. But the limitation on social media access is not an unconstitutional total ban on Internet use and we cannot conclude from the face of the judgment and sentence that the social media limitation was improperly broad under the facts of Curran's case. *See Johnson*, 197 Wn.2d at 745-46. And prohibiting a sex offender from possessing sexually explicit materials intended for sexual gratification is not unconstitutionally vague or overbroad. *See State v. Hai Min Nguyen*, 191 Wn.2d 671, 681, 425 P.3d 827 (2018). Thus, Curran fails to show that any of these conditions is constitutionally improper or that they render his judgment and sentence facially invalid.

Curran challenges the condition requiring him to report romantic relationships to his community corrections officer. Division Three has held that the term "'romantic relationships'" in a community custody condition is unconstitutionally vague, while "'dating relationships'" is a permissible replacement. *State v. Peters*, 10 Wn. App. 2d 574, 591, 455 P.3d 141 (2019); *see also Hai Min Nguyen*, 191 Wn.2d at 683. We can determine the unconstitutionality of this condition from the face of the judgment and sentence. Accordingly, on remand, the trial court should substitute the term "dating relationship" into Curran's community custody conditions in place of "romantic relationship."

The remainder of Curran's petition addresses claims that do not relate to facial invalidity of his judgment and sentence. These claims are time barred and we cannot review them. *Stenson*, 150 Wn.2d at 220.

In sum, we grant Curran's petition in part and remand his judgment and sentence for the trial court to amend the community custody term and amend the condition that addresses romantic relationships. We dismiss the remainder of the petition because his remaining claims are all untimely.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, C.J.

We concur:

Worswick, J.

Veljacic, J.