# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of: | No. 56341-0-II |
| ROBERT FRED ELLIOTT, | |
| Petitioner. | UNPUBLISHED OPINION |

VELJACIC, J.—Robert Fred Elliott seeks relief from personal restraint imposed following his 2019 conviction for indecent exposure with sexual motivation. He argues: (1) his sentence of 30 months of confinement and 36 months of community custody exceeds the statutory maximum sentence of 60 months; (2) that the decision in *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021), affects his sentence; (3) that he was induced to go to trial because of the State's aggressive plea offer; (4) that the State presented insufficient evidence of sexual motivation; and (5) that his trial counsel was ineffective for not arguing that he had the freedom of speech to make a statement during the crime.

RCW 10.73.090(1) provides:

No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction.

Elliott's judgment and sentence became final on May 17, 2019, when the trial court entered it. RCW 10.73.090(3)(a). He did not file his petition until October 25, 2021. Unless he shows that one of the exceptions in RCW 10.73.100 applies or shows that the judgment and sentence is facially invalid, his petition is time-barred. *In re Pers. Restraint of Hemenway*, 147 Wn.2d 529, 532-33, 55 P.3d 615 (2002).

The State concedes that as to issue (1), the combined sentences render Elliott's judgment and sentence facially invalid and thus his petition not time barred. We accept the State's concession and remand Elliott's judgment and sentence for correction of the sentence. *See In re Pers. Restraint of McWilliams*, 182 Wn.2d 213, 340 P.3d 223 (2014).[1] But as to issues (2) through (5), Elliott does not show that any of the exceptions of RCW 10.73.100 apply or make his judgment and sentence facially invalid. Indecent exposure is an unranked felony, with no offender score, so the inclusion of any prior convictions for unlawful possession of controlled substances does not affect his sentence. RCW 9.94A.505(b), .515; *State v. Steen*, 155 Wn. App. 243, 247-49, 228 P.3d 1285 (2010). And the State presented sufficient evidence of sexual motivation, including Elliott displaying his penis to the staff and security cameras of an art museum, so RCW 10.73.100(4) does not exempt his petition from the time bar. We therefore deny the remainder of his petition as time barred. *In re Pers. Restraint of Stenson*, 150 Wn.2d 207, 220, 76 P.3d 241 (2003). Accordingly, we grant Elliott's petition in part, remand his judgment and sentence for correction of the sentence, and deny the remainder of his petition. We deny his request for appointment of counsel for this petition.

---

[1] We note that the mixed petition rule does not operate to bar Elliott's first claim because it is based on facial invalidity under RCW 10.73.090, rather than an exception to the time bar under RCW 10.73.100. *In re Pers. Restraint of Stenson*, 150 Wn.2d 207, 220, 76 P.3d 241 (2003); *In re Pers. Restraint of Stoudmire*, 141 Wn.2d 342, 349-352, 5 P.3d 1240 (2000).

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, J.

We concur:

Lee, J.

Cruser, A.C.J.