**FILED**
**OCTOBER 29, 2024**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of: | ) | No. 40234-7-III |
| | ) | |
| JAMES M. ETHRINGTON, | ) | UNPUBLISHED OPINION |
| | ) | |
| Petitioner. | ) | |

PENNELL, J. — James Ethrington pleaded guilty to several criminal charges and was sentenced to 120 months' confinement, plus 12 months of community custody. Because Mr. Ethrington's total sentence exceeds the statutory maximum of 120 months, we grant his personal restraint petition (PRP) and remand for further proceedings.

BACKGROUND

James M. Ethrington is serving a 120-month sentence as a result of his guilty plea to several felony charges. Although the maximum penalty applicable to Mr. Ethrington's convictions is 120 months, his judgment and sentence imposed a 12-month term of

community custody on top of his period of incarceration. Mr. Ethrington did not appeal from his judgment and sentence. He filed a PRP several years after his conviction became final.

ANALYSIS

Mr. Ethrington contends his judgment and sentence is invalid on its face—and thus not subject to the one-year PRP limitation period—because the total sentence imposed exceeds the statutory maximum. The State concedes and we agree.

"RCW 9.94A.505(5) restricts a trial court from imposing a combined term of confinement and community custody that exceeds the statutory maximum." *In re Pers. Restraint of McWilliams*, 182 Wn.2d 213, 216, 340 P.3d 223 (2014). A judgment and sentence that violates this restriction is invalid on its face and therefore may be challenged outside the standard a one-year limitation period for PRPs. *See* RCW 10.73.100(5) (The one-year limit does not apply to a sentence in excess of the court's jurisdiction.). The remedy applicable to this circumstance is to "remand to the trial court to amend the community custody term or to resentence consistent with the statute." *McWilliams*, 182 Wn.2d at 217.

Because the total sentence imposed by Mr. Ethrington's judgment and sentence exceeds the statutory maximum, he is entitled to relief. Remand is appropriate.

No. 40234-7-III
*In re Pers. Restraint of Ethrington*


CONCLUSION

The petition is granted. This matter is remanded to the trial court "to either amend the community custody term or resentence" Mr. Ethrington for his counts of conviction. *State v. Boyd*, 174 Wn.2d 470, 473, 275 P.3d 321 (2021) (per curiam).

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Staab, A.C.J.

_____
Fearing, J.

3